602 A.2d 482

**TOWNSHIP OF SOUTH FAYETTE, Appellant,**

**v.**

**Carl Richard GRADY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1991.

Decided Jan. 17, 1992.

Timothy P. O'Reilly, for appellant.

Ira Weiss, for appellee.

Before CRAIG, President Judge, DOYLE, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

This is an appeal from an order of July 30, 1990, entered by the Court of Common Pleas of Allegheny County against the Township of South Fayette (employer) denying employer's motion for post-trial relief. We affirm.

The facts of this case are not in dispute nor are they complex. Carl Richard Grady (employee) filed a complaint in civil action in Allegheny County against employer, seek-

ing to recover holiday pay and salary increase payments allegedly due under the Heart & Lung Act. The matter proceeded to compulsory arbitration on November 21, 1989, and employee prevailed. On or about December 21, 1989, the employer filed an appeal from the award of arbitrators to the court of common pleas.

In the March 29, 1990 issue of the Pittsburgh Legal Journal, the case was listed for de novo trial on June 20, 1990, at 9:00 a.m.[1] On June 20, 1990, employee, his witnesses, and counsel appeared before Judge Robert A. Doyle and were ready to proceed with the trial. Neither a representative for employer nor its counsel appeared. After the matter was called for the third time and after all other cases for that day had been called, the trial court, upon the motion of employee's counsel, dismissed employer's appeal in accordance with Pa.R.C.P. No. 218.[2] The motion was granted by order dated June 28, 1990. On June 29, 1990, counsel for the employer filed a motion for post-trial relief. On July 30, 1990, the court entered an order denying employer's motion.

 The sole issue before this court is whether Allegheny County's notice requirements comply with due process of law.

On appeal, employer does not dispute that the case was advertised in the local legal journal. It claims, however, that publication of trial notices in the legal journal is insufficient to satisfy the notice requirements of due

---

**1.** The Pittsburgh Legal Journal is the official newspaper for the court system of the Fifth Judicial District of Pennsylvania (Allegheny County). *See* Allegheny County Local Rule of Court, No. 253(b).

**2.** Rule 218. Party Not Ready When Case is Called for Trial
 (a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.
 (b) If without satisfactory excuse a defendant is not ready, the plaintiff may
(1) proceed to trial, or,
(2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

process. Furthermore, employer claims that the practice employed by the calendar control office of providing actual notice of trial to pro se litigants unfairly discriminates against individuals represented by counsel.

The Pennsylvania Superior Court recently addressed the issue of whether Allegheny County's notice requirements comply with the requirements of due process in *Ttmar, Inc. v. Sulka,* 402 Pa.Superior Ct. 319, 586 A.2d 1372 (1991).[3] In *Ttmar,* the court held that "publication of the time and place of the trial afforded counsel legal notice of the trial. The court is required to do no more. Thus counsel is deemed to have notice of the trial and does not have a 'satisfactory excuse' pursuant to Pa.R.C.P. 218."

█ It is well established that counsel is under an obligation to keep abreast of publications to the bar and local rules of court. *Toczylowski v. General Bindery Co.,* 359 Pa.Superior Ct. 572, 519 A.2d 500 (1986).

Employer contends that the rule at issue in *Toczylowski* is vastly different than the rule at issue in the present matter. We disagree. In *Toczylowski,* counsel for appellee had not appeared at the call of the list due to his failure to monitor the major jury trial listings in the Philadelphia Legal Intelligencer.[4] Appellant's counsel was present, however, and requested the entry of non pros. Appellant's request was granted.

█ Unquestionably, employer's counsel as a trained member of the Pennsylvania Bar must be held to a higher degree of care than a litigant proceeding pro se. Furthermore, as a diligent practitioner, counsel has the duty to

3. Allegheny County Court of Common Pleas Local Rule 253(b) provides as follows:

> The daily edition of the *Pittsburgh Legal Journal* is designated as the paper of this court for the publication of legal notices. All notices which are required to be advertised in a newspaper shall also be advertised in the *Pittsburgh Legal Journal* daily edition.

4. The Legal Intelligencer is the official periodical for publication of all notices to the Philadelphia Bar.

carefully monitor the trial lists. *Toczylowski*, 359 Pa.Superior Ct. at 572, 519 A.2d at 504.

Employer also argues that Local Rule No. 253(b) is limited in its scope to the advertisement of estates, corporate charters, and service by publication. We find this contention without merit as our research indicates no case law or local rule of court which would support employer's assertion.

The employer's final contention is that the trial judge abused his discretion by dismissing employer's appeal. We must disagree. Pa.R.C.P. No. 218(b)(2) governs the situation where a party to an appeal from compulsory arbitration to the common pleas court, without having a satisfactory excuse, either fails to appear or is not ready to proceed with a trial de novo. The rule permits the plaintiff to proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award. The trial judge properly acted within his discretion when he dismissed employer's appeal.

We hold that publication of the time and place of the trial in the local legal journal daily edition provided employer's counsel adequate legal notice.

Accordingly, the trial court's order denying employer's motion for post-trial relief is affirmed.[5]

Senior Judge SILVESTRI concurs in the result only.

## ORDER

NOW, January 17, 1992, the order of the Court of Common Pleas of Allegheny County, No. 5016 AR 1989, dated July 30, 1990, is affirmed. The appellee's request for counsel fees is denied.

---

5. Employee has requested that we award counsel fees in accordance with Pa.R.A.P. 2744. We refuse to award counsel fees because this appeal cannot be classed as frivolous, dilatory, obdurate or vexatious.