Patricia A. FAISON, Appellant,

v.

William H. TURNER, Eleanor C. Turner, Lucille Turner and David L. Bryant, Appellees.

Superior Court of Pennsylvania.

Argued April 13, 2004.
Filed Sept. 10, 2004.

B. Fincourt Shelton, Darby, for appellant.

Joshua Sarner, Philadelphia, for appellees.

Before: DEL SOLE, P.J., ORIE MELVIN and BECK, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from an order denying Appellant's petition to open a judgment of non pros. We find the trial court abused its discretion in refusing to grant the petition to open under the facts of this case and, therefore, we reverse.

¶ 2 Plaintiff, a mail carrier, instituted an action for personal injuries sustained as a result of an attack by several dogs while she attempted to deliver mail. Appellees failed to timely respond to Appellant's complaint and a default judgment was entered. The case proceeded to arbitration on the issue of damages only. Appellant was awarded $28,000 in damages against all defendants. The award was appealed to the Philadelphia Court of Common Pleas, seeking a de novo trial on the assessment of damages. A case management order was entered on November 12, 2002. It provided: "ATTACHMENT: ALL COUNSEL AND PARTIES ARE HEREBY ATTACHED FOR THE APRIL TRIAL POOL."

¶ 3 On Friday, April 11, 2003, counsel for both Appellant and Appellees were notified that the matter was scheduled for trial beginning Monday morning, April 14, 2003, at 9:00 a.m.[1] On Monday morning both counsel appeared; however Appellant's counsel made an oral request for a continuance on the basis that neither Appellant nor her medical expert were present because he had been unable to reach them to notify them of the Monday hearing date. The court denied the motion for a continuance and when Appellant's counsel advised the court that he was unable to proceed without Appellant or her medical expert witness, the court entered a judgment of non pros. Thereafter Appellant filed a petition to open the judgment, which the court denied. This timely appeal followed.

---

1. The trial court in its opinion advised that such is "the custom in Philadelphia County."

Trial Court Opinion, 11/14/03, at 2.

¶ 4 In considering the court's ruling our inquiry must focus on whether the trial court's decision was a proper exercise of discretion based on all facts of the case. *Jamison v. Johnson,* 762 A.2d 1094, 1097 (Pa.Super.2000). The trial court in dismissing the action acted under authority of Pa.R.C.P. 218. It provides:

### Party Not Ready When Case is Called for Trial

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

(b) If without satisfactory excuse a defendant is not ready, the plaintiff may

(1) proceed to trial, or,

(2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

¶ 5 Following the court's dismissal under Rule 218, Appellant motioned to remove the non pros. The court explained that it considered the applicable standard which provides that in order to remove a judgment of non pros three elements must be met: (1) a petition to open must be promptly filed; (2) the delay must be reasonably explained; and, (3) facts must be shown to exist which support a cause of action. *Gohel v. Montgomery Hospital,* 698 A.2d 653 (Pa.Super.1997). The court held that Appellant's petition was promptly filed and that she did present a meritorious cause of action, as evidenced by the award entered in her favor by the panel of arbitrators. Trial Court Opinion, 11/14/03 at 4 and 6. However, the trial court ruled that Appellant did not provide a reason-

able explanation or legitimate excuse for her failure to appear on April 14, 2003. *Id.* at 4. The court noted that Appellant received the November order which made her and her counsel aware that the trial would be scheduled during the month of April. The court rejected Appellant's explanation for her absence and that of her witness, finding that it did not constitute a legitimate excuse. We disagree.

¶ 6 In the petition to open Appellant contends her attorney's office was notified at approximately noon on Friday April 11, 2003, of a hearing scheduled for Monday morning at 9:00 a.m. A notice was then left with Appellant's post office supervisor, but Appellant, a postal delivery person, did not receive the notice until Monday morning about 11 o'clock. She further states her medical witness did not have office hours on Friday and only returned to his office for afternoon appointments on Monday. Appellant states that despite every reasonable effort her counsel was unable to reach her or her medical witness over the weekend, and as a result only her counsel appeared before the court on Monday, April 14, 2003, at 9 a.m.

¶ 7 The trial court rejected this explanation finding that because it is the practice in its county to send notice to both counsel and the parties of the month the trial will take place, they had been on notice of the April hearing since November. The trial court found that it was incumbent upon Appellant and her counsel to notify any and all witnesses and experts of the scheduled date for trial and that Appellant failed to set forth precisely what efforts were made to put her witness on notice.

¶ 8 In determining whether a failure to appear should be excused, a court should consider:

1) whether the failure to appear was inadvertent; 2) whether counsel's failure

to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact counsel prior to dismissing the appeal; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions.

*Thompson v. Houston,* 839 A.2d 389, 391 (Pa.Super.2003).

¶ 9 In this instance there is no evidence of a pattern of improper behavior, and, given the time frame involved, Appellant offered an explanation for both her and her witness's failure to appear. There is no evidence that the defendants would have been prejudiced by any delay and it is clear that the court failed to consider lesser sanctions. While we recognize the trial court has set up a system to effectuate the processing of cases in an efficient manner, in this case under these circumstances, we deem it an abuse of discretion to fail to open the judgment of non pros and permit this case to proceed. Appellant provided a reasonable explanation for her failure to appear given the short notice provided counsel of the trial day and time, and his inability to contact Appellant or the expert witness over a weekend. While Appellant was advised that trial would commence in the month of April, Appellant's explanation of her failure to obtain timely notice was reasonable. This court has repeatedly held that a trial court's legitimate interest in controlling its docket should not unnecessarily infringe upon a litigant's right to a trial. *Thompson v. Houston,* 839 A.2d 389, 391 (Pa.Super.2003).

Finally, we reiterate our expression in *Stock v. Arnott,* 415 Pa.Super. 113, 608 A.2d 552, 556 (1992): While we share the trial court's interest in expeditious administration of justice, we are mindful of our supreme court's admonition that[:]

It must always be borne in mind that lawsuits are more than numbers or punches in computer cards. Individuals cases are, of course, of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies justifiably laid down to improve the conditions of the courts. *Budget Laundry Co. v. Munter et al,* 450 Pa. 13, 21–22, 298 A.2d 55, 58 (1972).

*Id.* at 392.

¶ 10 We conclude the trial court abused its discretion when it denied Appellant's request to open the judgment of non pros. Thus, we reverse the trial court's order and remand this matter to reinstate this action.

¶ 11 Order reversed. Case remanded. Jurisdiction relinquished.