**Reyer v. Marvin E. Kanze Inc.**

C.P. of Delaware County, no. 03-51495.

*Aaron S. Friedmann,* for plaintiff.
*H. Fintan McHugh,* for defendant.

BURR II, *J.,* January 7, 2005—The plaintiff, John Reyer, has appealed from the court's order of June 14, 2004, denying his motion to reconsider and vacate the judgment of nonsuit entered in the above-captioned matter on March 23, 2004, when plaintiff did not appear for an arbitration hearing. Inasmuch as plaintiff failed to timely preserve his appellate rights emanating from the entry, on May 10, 2004, of an intervening final and appealable order which denied his motion to vacate the judgment of nonsuit (deemed to have been in the nature of a motion for post-trial relief), this appeal must be quashed.[1] In addition, plaintiff was ordered to file a con-

---

1. This court is mindful of the Superior Court's order of September 8, 2004, in this appeal, docketed at number 2028 EDA 2004, denying the motion of the defendant/appellee, Marvin E. Kanze Inc., to quash appeal as untimely without prejudice to the appellee's rights to raise the issue at the time scheduled for submission of appellate argument. It is here noted that appellee there alleged fault in the appellant's failure to appeal directly from the judgment of nonsuit entered against him on March 23, 2004. Nevertheless, under the circumstances presented sub judice, plaintiff was permitted to, and did, file a motion for post-trial relief in the form of a motion to vacate the judgment of nonsuit. Delaware County, PA, Local Rule of Civil Procedure *1303(b)(3) (a nonsuit entered under this rule is subject to the filing of a motion

cise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), but did not do so. Therefore, even if plaintiff had properly perfected his appellate rights, this appeal is dismissible outright. *Caln Nether Company L.P. v. Board of Supervisors of Thornbury Township,* 840 A.2d 484 (Pa. Commw. 2004), *appeal denied,* 856 A.2d 835 (Pa. 2004) (table) (appellate procedural rule requiring a concise statement of matters complained of on appeal is a crucial component in the appellate process intended to aid trial judges in identifying and focusing on the issues presented, and contentions not so provided are deemed waived). Nonetheless, because the Superior Court has postponed decision on the motion to quash pending submission of appellate argument on the matter, it was presumed that a more thorough exegesis of the facts surrounding the case would be helpful and, in that light, this discussion will proceed.

Plaintiff sued the defendant in the District Court of Havertown, Delaware County, Pennsylvania, contending negligent bailment and conversion, in order to recover tools allegedly valued at $8,000 and inadvertently abandoned when, on February 14, 2001, plaintiff suffered an injury while in the employ of the defendant. (Complaint, passim and exhibit B appended thereto.) Judgment was entered by the district justice on June 9, 2003, in favor of the plaintiff in the amount of $5,973.40,

---

under Pennsylvania Rule of Civil Procedure 227.1(a)(3) for post-trial relief to remove a nonsuit). It was the order which denied that relief that was final and appealable, but ignored due to plaintiff's mistaken belief that the motion for reconsideration also qualified as a post-trial motion that must await disposition before an appeal therefrom could be filed.

and the defendant timely appealed on June 25, 2003. An arbitration hearing was scheduled for March 23, 2004, and the requisite notice in writing was provided to the parties. Pennsylvania Rule of Civil Procedure 1303(1) and (2). Defendant's notice of appeal included a praecipe to enter a rule to file complaint by the plaintiff within 20 days after service thereof. The rule page bore the stamped arbitration hearing date of March 23, 2004. On July 16, 2003, the defendant filed a praecipe to mark the appeal stricken and a request for the entry of a non pros after plaintiff failed to file a complaint in response to the rule. Plaintiff filed a complaint on July 22, 2003. In addition to the stamped file date of the complaint, there is a crossed-out stamped arbitration hearing date of "April 20, 2004" on the "Notice to defend" page affixed to the face thereof.

On August 8, 2003, some 19 days following the filing of the complaint, plaintiff filed a motion to reinstate the [defendant's] appeal from the decision of the district justice. Plaintiff averred in this motion that defendant had failed to deliver the rule returnable notice to his counsel of record, and, instead, merely copied the plaintiff himself. Plaintiff contended that defendant had also failed to give plaintiff's counsel timely notice of any intent to mark the appeal as stricken and never forwarded a 10-day notice of intent to obtain a non pros of plaintiff's cause of action. Paragraph two of the motion to reinstate the appeal expressly stated: "Defendant took an appeal which listed the matter for arbitration on March 23, 2004." Plaintiff appended a copy of the notice of the March 23, 2004 hearing date as exhibit B to the motion to reinstate the appeal, and concluded this motion with the plea, "Wherefore, plaintiff respectfully request [sic] that

plaintiff's [sic] appeal be reinstated and this matter be allowed to go to arbitration on the prescribed date of March 23, 2004." (Motion to reinstate appeal, ad damnum clause, p. 3.) There was no allegation in this motion of an erroneously stamped arbitration date of April 20, 2004, nor of any misapprehension on plaintiff's part as to the accurate date of the arbitration hearing that was correctly scheduled, according to Delaware County, PA, Local Rule of Civil Procedure *1303(a)(1)(i), to take place 270 days after the filing of the defendant's appeal, or on March 23, 2004. By order dated September 24, 2003, the Honorable Harry J. Bradley allowed defendant's appeal from the decision of the district justice to be reinstated. Judge Bradley's order is silent as to any arbitration hearing date. Defendant filed an answer and new matter to the complaint on December 5, 2003. When plaintiff failed to appear at the arbitration hearing on March 23, 2004, this court entered a judgment of nonsuit in favor of the defendant and against the plaintiff pursuant to Pennsylvania Rule of Civil Procedure 1303(b)(2) and Delaware County, PA, Local Rule of Civil Procedure *1303(b) (2)(i).[2]

Delaware County Local Rule of Civil Procedure *1303(b)(3) provides, "[s]hould a nonsuit be entered under this rule, it is subject to the filing of a motion un-

---

2. It is here noted that the order in question bears a typographical error wrongly indicating that the local rule supporting the judgment was "Delaware County Local Rule *1303(b)(2)(iii)," which governs the procedure to be implemented when a defendant is not ready or fails to appear at a noticed arbitration hearing. The record is clear and there has been no dispute that it was the plaintiff who failed to appear at the arbitration hearing, so any future contention with regard to the rule cited in the order has long since been waived.

der Pennsylvania Rule of Civil Procedure 227.l(a)(3) for post-trial relief to remove the nonsuit." See also, Pennsylvania Rule of Civil Procedure 1303 note and explanatory comment—1998. The 1998 explanatory comment to Pennsylvania Rule of Civil Procedure 1303 also states that, "if the court hears the matter, then the parties have had their trial [de novo] in the court of common pleas" and that, "Rule 218 governs the instance when a party is not ready when a case is called to trial." Rule 218(a) allows the court to enter a nonsuit when the plaintiff fails to appear without satisfactory excuse. Pennsylvania Rule of Civil Procedure 218(c) additionally provides that "[a] party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." As noted hereinabove, the above-cited rules of court required the plaintiff to seek post-trial relief following his failure to appear at the trial de novo conducted by the court on the date upon which he failed to appear at the scheduled arbitration hearing. The plaintiff accordingly filed, on April 5, 2004, a motion to vacate nonsuit, deemed to have been in the nature of a motion for post-trial relief.

Plaintiff reiterated, in the motion to vacate the nonsuit, matters alleged in his motion to reinstate the appeal, including the claim that defendant had not delivered the aforesaid rule returnable to plaintiff's counsel, but had "merely copied plaintiff, disregarding counsel of record." (Plaintiff's motion to vacate nonsuit, paragraph 3.) Plaintiff alleged for the first time, however, that "[o]n or about July 22, 2003, the instant matter was given an arbitration date of April 20, 2004, in Delaware County Court of Common Pleas." (*Id.,* paragraph 4.) Plaintiff went on to aver in this motion that, "[u]pon reinstatement of the instant claim, and without notice to counsel, the arbitra-

tion date was rescheduled to March 23, 2004." (*Id.*, paragraph 12.) It goes without saying that allegations reiterated from the motion to reinstate the appeal were mooted by Judge Bradley's order. It is also beyond cavil that plaintiff's past and present admissions to knowledge of the correct arbitration hearing date of March 23, 2004, rendered his representations that this particular date had been sprung upon him as utterly disingenuous. In any event, plaintiff went even further afield by alleging that, "Plaintiff's wife contacted [plaintiff's] counsel just days before the new arbitration date to inform him of the rescheduling, but erroneously indicated a date of March *24,* 2004, for the arbitration," and that "Plaintiff had every intention of proceeding with the arbitration on March *24,* 2004." (*Id.,* paragraphs 12-13.)[3] Plaintiff concluded the motion to vacate nonsuit with averments that his attorney received oral notice (from court personnel), that the correct arbitration hearing date was on March 23, 2004, "only minutes before it was scheduled to begin and was unable to attend because he was in the middle of a deposition." (*Id.,* paragraph 14.)

In summary, plaintiff complained in the motion to vacate nonsuit of "reasonable error" in counsel's failure to appear on a miscommunication from plaintiff's wife as to the correct date of the arbitration hearing. In the same

---

3. Indeed, the flights of fancy plaintiff took in proffering excuses for his failure to appear painted a factual scenario so nebulous in its underpinnings that attempts to mine it for the truth called to mind the observation of Sir Winston Churchill, late prime minister of Great Britain, in a radio address broadcast on October 1, 1939, as to the difficulty in forecasting Russia's actions at the beginning of World War II, "[i]t is a riddle wrapped in a mystery inside an enigma." *The Concise Oxford Dictionary of Quotations* (second edition), (London: Oxford University Press, 1981), p. 71.

motion, plaintiff contended both an incorrect arbitration hearing date of April 20, 2004, while admitting his knowledge that the correct date thereof was March 23, 2004, and alleging as a reasonable excuse for his failure to appear his wife's purportedly having miscommunicated yet a third hearing date of March 24, 2004, to counsel. No evidence was submitted which showed that plaintiff's counsel, who was clearly charged with the duty of knowing that the arbitration hearing of the case would take place 270 days after the filing of the defendant's appeal from the decision of the district justice, did not receive notice of the correct date for the arbitration hearing, nor law which alternatively established a duty in plaintiff's wife to provide accurate notice to counsel thereof. *TTMAR Inc. v. Sulka,* 402 Pa. Super. 319, 321, 586 A.2d 1372, 1373 (1991), *appeal denied,* 530 Pa. 656, 608 A.2d 31 (1991) (counsel is under a high duty of care to learn and familiarize himself with the local rules of all forums in which he chooses to practice law); *Township of South Fayette v. Grady,* 145 Pa. Commw. 129, 132, 602 A.2d 482, 483 (1992), citing to *Toczylowski v. General Bindery Co.,* 359 Pa. Super. 572, 519 A.2d 500 (1986) (it is well established that counsel is under an obligation to keep abreast of the publications to the bar and local rules of court). When court procedures raise a presumption that counsel for the parties involved have received legal notice of the time and place of trial, "[t]he court is required to do no more[,]" and when counsel is deemed to have notice of a trial-related event, failure on the part of counsel to actually receive notice cannot be a satisfactory excuse as contemplated in Pennsylvania Rule of Civil Procedure 218(c); *Township of South Fayette v. Grady, supra,* 145 Pa. Commw. at 132, 602 A.2d at 483.

A satisfactory excuse for failure to appear at trial must be an excuse that would constitute a valid ground for a continuance. *Jamison v. Johnson,* 762 A.2d 1094, 1097 (Pa. Super. 2000), *appeal denied,* 566 Pa. 644, 781 A.2d 145 (2001) (table), citing to Goodrich-Amram 2d §218:3. "Examples of valid grounds are an 'agreement of counsel; illness of counsel, a party, or a material witness; inability to maintain the testimony of an absent witness by means of discovery; or such other grounds as may be allowed by the court.' " *Id.* The failure of the plaintiffs in *Jamison v. Johnson, supra,* to attend an arbitration hearing due to a pre-paid vacation trip, along with the failure of their attorney to attend due to a family illness and the inability to procure another attorney to handle the matter, were found not to fall within the framework of "satisfactory excuse." *Jamison v. Johnson, supra,* 762 A.2d at 1097. Failure to appear at trial without calling the court or contacting opposing counsel pursuant to Rule 218(c), is per se unreasonable. Pa.R.C.P. 218(c); *Taylor v. MacLaren,* 32 Phila. 193 (1995). Inadvertence of counsel is not a reasonable excuse for failure to appear at a scheduled arbitration hearing. *Anderson v. Pennsylvania Financial Responsibility Assigned Claims Plan,* 432 Pa. Super. 54, 637 A.2d 659 (1994); *Pisano v. SEPTA,* 28 Phila. 34 (1994), citing to *Bottero v. Great Atlantic & Pacific Tea Co. Inc.,* 316 Pa. Super. 62, 462 A.2d 793 (1983). Finally, if inadvertence of counsel is no reasonable excuse for failure to appear at a scheduled arbitration hearing, then it clearly stands to reason that neither is the inadvertence of counsel's client's wife.[4] The court's

---

4. This case implicates no dereliction on the part of the court, nor of plaintiff's counsel's support staff, respectively, which might have supplied a reasonable excuse for his failure to appear. See *e.g., Faison v.*

order denying plaintiff's motion to vacate nonsuit was entered in the docket on May 10, 2004.

The record reflects that, instead of filing a notice of appeal from the foregoing final and appealable order which disposed of his one and only cognizable motion for post-trial relief, plaintiff submitted what he contended in the response to the defendant's motion to quash appeal (also supplied to this court), to be a second post-trial motion in the form of a motion to reconsider and vacate [the] judgment of nonsuit entered on March 23, 2004. Plaintiff again related in this motion that his attorney (and the attorney's "lone associate") had been engaged in unrelated activities for the law firm when counsel was notified by the arbitration center that the arbitration hearing was underway, and that counsel would have appeared for the hearing had that not been the case. (*Id.,* paragraphs 9-10.) Plaintiff then submitted, in the memorandum of law in support of the motion to reconsider, and despite his own prior representations and admissions to the contrary and an utter lack of foundation for the claim, an entirely new representation that, "upon reinstatement of the instant claim, and without notice to counsel, the arbitration date was *rescheduled* to March 23, 2004, instead of the *previously agreed upon* date of April 20, 2004." (Memorandum of law in support of

*Turner,* 858 A.2d 1244 (Pa. Super. 2004) (trial judge in arbitration appeal abused his discretion in dismissing case where plaintiff's counsel appeared for trial, but explained that the two hours' notice of the proceeding earlier that morning allowed for insufficient time to procure the attendance of plaintiff and her expert witness); *Thompson v. Houston,* 839 A.2d 389 (Pa. Super. 2003) (counsel's secretary was on sick leave and could not relay phone message that hearing would take place in one hour). Therefore, plaintiff's reliance upon these authorities is misplaced.

plaintiff's motion to reconsider, p. 2, emphasis added by the court.) It goes without saying that there is no prior reference to, nor evidence of, any such "agreement" whatsoever and that the record is shockingly replete with plaintiff's acknowledgment of his awareness of the correct arbitration hearing date of March 23, 2004. The record is also clear that plaintiff has traveled all over the proverbial map in proffering excuse after incredible excuse for his failure to appear. The order denying plaintiff's motion to reconsider and vacate [the] judgment entered on March 23, 2004, was docketed on June 14, 2004. Notice of plaintiff's appeal from that order was filed on July 13, 2004. As hereinabove noted, because plaintiff did not file a timely notice of appeal from the intervening and final order of May 10, 2004, which denied his prayer for post-trial relief, the instant appeal from the order denying his motion to reconsider that decision must be quashed in spite of plaintiff's misguided belief that it too was a post-trial motion.

The question of timeliness of an appeal is jurisdictional. *In re Trust Under Deed of Green,* 779 A.2d 1152 (Pa. Super. 2001), *appeal dismissed,* 572 Pa. 408, 816 A.2d 224 (2003). A notice of appeal must be filed from a final order of the trial court within 30 days after entry of the order in order for appellate jurisdiction to attach. Pennsylvania Rule of Appellate Procedure 903(a); *Valley Forge Center Associates v. Rib It/K.P. Inc.,* 693 A.2d 242, 245 (Pa. Super. 1997). The filing of a petition for reconsideration of a final order does not toll the 30-day appeal period. *Cheathem v. Temple University Hospital,* 743 A.2d 518 (Pa. Super. 1999). As the *note* to Pennsylvania Rule of Appellate Procedure 1701 explains, "[t]he better procedure under this rule will be for a party seek-

ing reconsideration to file an application for reconsideration below and a notice of appeal [in the appellate court]." A simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition. *Valley Forge Center Associates v. Rib It/K.P. Inc., supra,* 693 A.2d at 245. In the instant case, the plaintiff/appellant believed that his appellate rights were on a 106-day continuum from the date of notice of this judgment on March 29, 2004 through July 13, 2004, when he filed his notice of appeal from the entry of the order on June 24, 2004, which denied his motion for reconsideration. The appeal period following the date of notice (on May 10, 2004) of the entry of the order denying his motion for post-trial relief concluded 30 days later on June 9, 2004. However, instead of filing a notice of appeal before that time had elapsed, plaintiff filed the reconsideration motion on May 18, 2004, well within the time allowable for appeal, yet waited to file a notice of appeal until after the unappealable order denying his motion to reconsider and vacate the judgment entered on March 23, 2004, had been issued on June 24, 2004.

The only discernible, albeit, unsupportable, reason for plaintiff's failure to follow the Rules of Appellate Procedure that clearly set forth a 30-day deadline for filing notice of appeal from a final order can be found in the aforesaid response to the defendant's motion to quash [this] appeal. Therein, plaintiff asserted through counsel that he had filed "*two* post-trial motions in the instant matter, *both* of which were timely filed." (Plaintiff's response to defendant's, Marvin E. Kanze Inc.'s, motion to quash, paragraph 5, emphasis added by the court.)

Plaintiff contended that the two motions in question were the original motion to vacate the judgment *and* the motion for reconsideration, and that he assumed he had to wait until the latter had been disposed of before he could file an appeal for fear of divesting this court of jurisdiction to grant the relief requested. *(Id.)* Unfortunately for plaintiff and his attorney, they were simply wrong in the assumption that a motion for reconsideration of denial of a post-trial motion was also a post-trial motion and that it was necessary to wait until both had been decided before an appeal could be filed. Where counsel obtained this view is a question that is simply beyond the purview of the courts and more aptly within that of state bar examiners and law school curriculum developers. Suffice it to say that, had counsel bothered to study the applicable rules of court and the law attendant thereto, as any reasonable attorney would, plaintiff, most assuredly, would have found himself in a better position than the one he is in today.

For all of the foregoing reasons, it is respectfully submitted that, because plaintiff failed utterly to demonstrate any credible reason for this court to grant the relief requested, this appeal is fatally flawed. Further, because jurisdiction is lacking in the Pennsylvania Superior Court, it must be quashed.