J. A21039/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ABRAHAM WOIDISLAWSKY AND RITA WOIDISLAWSKY, H/W, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| JOSEPH R. VIOLA, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF LOUIS MENAPACE, IV, DECEASED | : : : : | |
| -------------------------------------------- | : : | |
| ABRAHAM WOIDISLAWSKY AND RITA WOIDISLAWSKY, H/W | : : : | |
| v. | : : | |
| LOUIS MENAPACE, IV, LOUIS MENAPACE AND CAROL MENAPACE | : : : | No. 3355 EDA 2019 |

Appeal from the Judgment Entered November 14, 2019,
in the Court of Common Pleas of Philadelphia County
Civil Division at Nos. 170601682, 180502088

| | | |
|---|---|---|
| ABRAHAM WOIDISLAWSKY AND RITA WOIDISLAWSKY, H/W, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| JOSEPH R. VIOLA, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF LOUIS MENAPACE, IV, DECEASED | : : : : | |
| -------------------------------------------- | : : | |

J. A21039/20

ABRAHAM WOIDISLAWSKY AND RITA   :
WOIDISLAWSKY, H/W,              :
                               :
                 Appellants    :
                               :
            v.                 :
                               :      No. 3356 EDA 2019
                               :
LOUIS MENAPACE, IV, LOUIS       :
MENAPACE, AND CAROL MENAPACE    :


Appeal from the Judgment Entered November 14, 2019,
in the Court of Common Pleas of Philadelphia County
Civil Division at Nos. 170601682, 180502088


BEFORE:  LAZARUS, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 20, 2020**

In these consolidated appeals, appellants, Abraham and Rita Woidislawsky (plaintiffs below), appeal from the judgment[1] entered on November 14, 2019, in favor of appellees, Joseph R. Viola, Esq., administrator of the estate of Louis Menapace, IV, and Louis and Carol Menapace (defendants below), in the Court of Common Pleas of Philadelphia County. After careful consideration, we affirm.

We take the underlying facts and procedural history from our review of the certified record and the trial court's February 7, 2020 opinion.  In June

---

[1] In the caption of their brief, appellants purport to appeal from the order denying their post-trial motions.  However, an appeal does not lie from the denial of post-trial motions. *Jackson v. Kassab*, 812 A.2d 1233, 1233 n.1 (Pa.Super. 2002), *appeal denied*, 825 A.2d 1261 (Pa. 2003) (parallel citation omitted).  We have accordingly corrected the caption.

- 2 -

2017, appellants commenced the instant action, which arose out of a motor vehicle collision. Following the death of former defendant Louis Menapace, IV, appellants filed a new action against Joseph Viola, Esq., the administrator of his estate. The trial court consolidated the cases in December 2018. Because of the consolidation, the court issued a new case management order on March 26, 2019. The order directed the parties be ready for trial by September 3, 2019, because the matter would be heard during the September 2019 trial pool.

On September 3, 2019, appellants filed a motion for extraordinary relief seeking a continuance.[2] Appellees opposed the motion, and the motions judge denied it on September 18, 2019. The case was assigned to the trial judge and set for trial on September 23, 2019. That morning, appellants' counsel appeared with only one of his clients and requested a continuance; he stated there had been a miscommunication with his client Abraham Woidislawsky, and Mr. Woidislawsky was undergoing a routine colonoscopy that morning and was unavailable for trial. (Notes of testimony, 9/23/19 at 4-5.) When pressed by the trial court, counsel admitted, even if Mr. Woidislawsky were present, he was not ready for trial because Mr. Woidislawsky's treating physician was

---

[2] The motion is not contained in the certified record, however, no one disputes the basis for the motion, which was error on the part of appellants' counsel, who misread the scheduling order, and did not know the case was set for trial in September. (**See** trial court opinion, 2/7/20 at 2 n.1.)

unavailable to testify until October because of the Jewish High Holidays. (***Id.*** at 17-20.)

Appellees' counsel opposed the motion. He noted, despite court involvement, appellants' counsel failed to attend the deposition of appellees' expert witness and did not provide appellees with their own expert report until the day before trial. (***Id.*** at 14-15, 21-22.) Appellees' counsel acknowledged his clients had admitted liability but maintained there was a dispute as to causation and damages; he noted he could rearrange his schedule to be available the next day for trial, but would have difficulties with other dates. (***Id.*** at 20-21.) However, appellants' counsel admitted the doctor was unavailable for the next day, and appellant Rita Woidislawsky was unavailable the rest of the week because she had scheduled medical procedures. (***Id.*** at 17-20.) The trial court denied the motion for a continuance and granted appellees' counsel's motion for a directed verdict. (***Id.*** at 27-30.)

On October 3, 2019, appellants filed a post-trial motion, which the trial court denied on November 6, 2019. Judgment by praecipe was entered on November 14, 2019. The instant timely appeal followed. The trial court did not order appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 2, 2020, the trial court issued an opinion.

On appeal, appellants raise the following issues for our review:

> 1. Did the [t]rial [c]ourt err in [sic] abuse of its discretion, by entering and then refusing to remove the nonsuit and/or "directed verdict" entered against [a]ppellants, despite the fact that [a]ppellants presented uncontroverted documentary and testamentary evidence demonstrating that pursuant to Pa.R.Civ.P. 218, [a]ppellants had a satisfactory excuse both for not being ready for trial when called and for the absence of Mr. Woidislawsky from trial on September 23, 2019, notwithstanding the fact that the Woidislawskys did not alert either their trial counsel and by extension the [t]rial [c]ourt regarding this scheduling conflict prior to the case being called for trial?
>
> 2. Did the [t]rial [c]ourt err by entering and then refusing to remove its "directed verdict" when it applied Pa.R.Civ.P. 226(b) to grant the "directed verdict" in a non-jury trial because [a]ppellants were not ready for trial when called (although they had a satisfactory excuse), when Pa.R.Civ.P. 226 applies to jury instructions, and, thus, the directed verdict procedure is improper in the context of a trial without a jury?

Appellants' brief at 3.

In their first issue, appellants contend the trial court erred in denying their request for a continuance and finding them not ready for trial. We disagree.

We review this issue with the following principles in mind. "It is well settled that the decision to grant or deny a request for a continuance is within the sound discretion of the trial court." *Commonwealth v. Prysock*, 972 A.2d 539, 541 (Pa.Super. 2009) (citation omitted). "Further a trial court's decision to deny a request for a continuance will be reversed only upon a

showing of an abuse of discretion." *Id.* As we have consistently stated, an abuse of discretion is not merely an error in judgment. *Id.* Rather, discretion is abused when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." *Id.*

Pennsylvania Rule of Civil Procedure 216 addresses grounds for a continuance and provides, in pertinent part:

> (A) The following are grounds for a continuance:
>
> (1) Agreement of all parties or their attorneys, if approved by the [c]ourt;
>
> (2) Illness of counsel of record, a material witness, or a party. If requested a certificate of a physician shall be furnished, stating that such illness will probably be of sufficient duration to prevent the ill person from participating in the trial;
>
> . . . .
>
> (4) Such special ground as may be allowed in the discretion of the court[.]

Pa.R.Civ.P. 216(a)(1), (2), and (4). Moreover Pennsylvania Rule of Civil Procedure 218 provides in pertinent part:

> (a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a *non pros* on the court's own motion.

. . . .

    (c)    A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

Pa.R.Civ.P. 218(a) and (c). Moreover, this court has stated, in determining whether a failure to appear should be excused, a court should consider:

> 1) whether the failure to appear was inadvertent; 2) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact counsel prior to dismissing the appeal; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions.

*Faison v. Turner*, 858 A.2d 1244, 1246-1247 (Pa.Super. 2004) (citations omitted).

Appellants argue the trial court did not properly apply the factors outlined in *Faison*, *supra*. They further contend the factual scenario in *Faison*, as well as this court's decision in *Banks v. Cooper*, 171 A.3d 798 (Pa.Super. 2017), supports a finding the trial court abused its discretion in this matter. (Appellants' brief at 30-45.) We disagree.

Initially we note, unlike in both *Banks* and *Faison*, this is not a case where the trial court entered either a nonsuit or judgment of *non pros*; rather, the trial court denied appellants' request for a continuance and directed them to proceed with the trial; when appellants did not present any evidence, the trial court granted the defense motion for a directed verdict. (Notes of

testimony, 9/23/19 at 26-30; *see Banks*, 171 A.3d at 800-801; *Faison*, 858 A.2d at 1245-1246.) Thus, the issue before us is not the proper application of the factors outlined in *Faison*, but whether the trial court abused its discretion in denying the request for a continuance. *See Prysock*, 972 A.2d at 541.

Here, based upon the record, we cannot find the trial court abused its discretion. While appellants attempt to characterize this as a single request for a continuance due to illness (appellants' brief at 28-45), the record shows a pattern of mishandling this matter on their parts.

Appellants misread the March 26, 2019 revised case management order;[3] when they did become aware, in August 2019, the case was scheduled for trial in September; they did not promptly move for a continuance; and appellants' counsel failed to appear at the deposition of appellees' expert witness. (Notes of testimony, 9/23/19 at 11-16; appellants' post-trial motion, 10/3/19 at 7-9.) Despite being aware their case would go to trial in September, both appellants scheduled non-emergency medical procedures for the week of September 23, 2019. (Notes of testimony, 9/23/19 at 5-8, 17-19.)

Appellants did not supply counsel with an updated telephone number, causing counsel to have problems reaching them during a critical period of

---

[3] While the order is not a model of clarity, it does plainly state the parties should be ready for trial by September 3, 2019. (Revised case management order, 3/26/19 at unnumbered page 1.)

time, and Mr. Woidislawsky misinformed counsel about his schedule. (Appellants' post-trial motion at 7-9.) Further, perhaps most significantly, given the sole remaining issues in this matter were causation and the extent of Mr. Woidislawsky's injuries, even if Mr. Woidislawsky were present, counsel was unprepared for trial, he had not obtained a video deposition of his expert, did not furnish his expert's report to defense counsel until September 22, 2019, and his expert was unavailable for the rest of the month of September.[4] (Notes of testimony, 9/23/19 at 12-13, 19-20.) Under these circumstances, the trial court's decision was not, "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will[.]" ***Prysock***, 972 A.2d at 541. Appellants' first issue lacks merit.[5]

---

[4] This court is puzzled by counsel's representation that his expert was unable to testify because of the Jewish High Holidays. In fact, in 2019, the Jewish High Holiday of Rosh Hashannah began at sundown on Sunday, September 29, and ended at Sundown on Tuesday, October 1, 2019. Yom Kippur began at sundown on Tuesday October 8, and ended at Sundown on Wednesday, October 9, 2019. The festival of Sukkot started on October 14, and ended on October 22, 2019. Jewish Federation of Columbus, *Four-Year Calendar of Major Jewish Holidays*, https://jewishcolumbus.org/wp-content/uploads/2018/08/JEWISH-HOLIDAY-CALENDAR-2018-2022.pdf.
Thus, contrary to counsel's representation, his expert should have been available during the week of September 23, 2019, but would not have been available for large portions of the month of October.

[5] In any event, both ***Banks*** and ***Faison*** are factually distinct. In ***Banks***, the plaintiff/appellants, were notified of a date certain for trial of July 6, 2016, by email on April 29, 2016, and by hard copies mailed on May 3, 2016. ***Banks***, 171 A.3d at 800. The court sent a second e-mail the day before trial; however, neither counsel nor his clients appeared at trial, and the trial court dismissed their case with prejudice. ***Id.*** Appellants filed a petition to open, claiming they had not received the hard copies; counsel was unaware of the original email because of a clerical error; and the second email did not afford them

In their second and final issue, appellants contend the trial court erred by entering and refusing to remove the directed verdict because directed verdicts are only available in jury trials, not bench trials. (Appellants' brief at

---

sufficient notice. *Id.* Appellees did not file a response to the petition, and the trial court denied it without holding a hearing. On appeal, this court did not find this explanation constituted a sufficient excuse to justify opening the judgment; but rather, in the absence of opposition from the opposing party, we held the trial court should not have denied the motion without a hearing to afford appellants the opportunity to elaborate on the clerical error. *Id.* at 802-803.

In *Faison*, the parties were notified in November 2002 the case would be tried in April 2003. *Faison*, 858 A.2d at 1245. Appellant and her counsel received notice, on the Friday before trial, the case would be heard the following Monday. *Id.* Counsel was unable to reach the expert witness in the case, who did not maintain Friday office hours. Appellant, a mail carrier, was out on her route, did not receive the notice sent to her office, and counsel was unable to reach her. *Id.* at 1245-1246. On appeal, in a brief decision, we held the trial court erred in dismissing the case pursuant to Pa.R.Civ.P. 218, largely on the basis of the short notice provided to counsel of the trial date. *Id.* at 1247.

Here, unlike in *Banks*, appellants had ample opportunity to be heard, and appellees opposed both the initial delay and the post-trial motions. Further, unlike in *Faison*, we are not faced with a case where counsel was ready to go to trial but was unable to locate his client and expert witness at the last minute. Rather, as discussed above, we have a cascading series of, at best, mistakes and, at worst, misconduct, whereby counsel was utterly unprepared to proceed to trial. Further, while as discussed above, we do not believe the *Faison* factors are dispositive in this matter, we note the trial judge did discuss the matter with the motions judge who had denied appellants' motion for extraordinary relief in an attempt to obtain reconsideration of the ruling and did examine the possibility of holding the trial later in the week, only to be told by appellants' counsel that neither his clients nor his expert witness were available until October at the earliest. (Notes of testimony, 9/23/16 at 17-20, 26-28.) Moreover, while there was no specific discussion of prejudice, the record reflects defense counsel was willing to readjust his schedule to be available later in the week; however, he had a full schedule in the upcoming weeks and would have difficulty rescheduling. (*Id.* at 20-22.) Given this, we find *Faison* distinguishable.

45-46.)   While we agree with appellants the trial court should have either granted a nonsuit or entered a judgment of ***non pros***, based upon the facts as outlined above, the error was harmless.

Pennsylvania Rule of Civil Procedure 226 provides:

> **Rule 226.  Points for Charge.  Motion for Directed Verdict**
>
> (a)    Points upon which the trial judge is requested to charge the jury shall be so framed that each may be completely answered by a simple affirmation or negation.  Attorneys shall hand copies of requested points for charge to the trial judge and to the opposing attorneys before the closing addresses to the jury are begun.  A requested point for charge that was presented to the trial judge becomes part of the record when the point is read into the record, or filed in the office of the prothonotary prior to filing a motion for post-trial relief regarding the requested point for charge.
>
> . . . .
>
> (b)    At the close of all the evidence, the trial judge may direct a verdict upon the oral or written motion of any party.

Pa.R.Civ.P. 226.

Thus, we agree with appellants the grant of a motion for a directed verdict was not proper in a bench trial.  However, appellants have failed to show they were prejudiced by the result.  As discussed above, the trial court had already denied appellants' request for a continuance and directed the case to trial.  Appellants presented no evidence, and the trial court entered a verdict

in favor of appellees. In their post-trial motion, appellants both challenged the entry of a directed verdict and treated the verdict as a judgment of **non pros** and/or nonsuit and moved to open. (Motion for post-trial relief, 10/03/19 at pages 1-13.) Thus, the trial court had the opportunity to open the judgment and declined to do so. Appellants have not shown the trial court erred in denying their request for a continuance and have not shown the trial court erred in entering a verdict against them, of whatever sort, because they were manifestly unprepared for trial. Given this, we find any error in granting a motion for a directed verdict rather than entering a nonsuit or a judgment of **non pros** was harmless error. Appellants' final claim does not merit relief.

Accordingly, for the reasons discussed above, we hold the trial court did not abuse its discretion in failing to grant a continuance in this matter and any error in entering a "directed verdict" against appellants was harmless.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/20