J-A09020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEALDINE COLLINS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| POLICE AND FIRE FEDERAL CREDIT | : | No. 1638 EDA 2021 |
| UNION AND CITY LINE SHOPPING | : | |
| ASSOCIATES | : | |

Appeal from the Order Entered August 11, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 181002669

BEFORE: NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED AUGUST 15, 2022**

Jealdine Collins ("Collins") appeals from the order denying her petition to open a judgment of *non pros*. We vacate the order and remand for further proceedings.

In 2016, Collins slipped and fell at a branch office of Police and Fire Federal Credit Union ("PFFCU") at 7604 City Avenue in Philadelphia. Collins filed a complaint in 2018, alleging negligence against PFFCU.[1] The trial court issued a trial order in January 2021 indicating jury selection would begin on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Collins's complaint also initially named the building's owner, City Line Shopping Associates, as a defendant, but in March 2020, the parties stipulated that Collins's claims against City Line Shopping Center Associates would be dismissed without prejudice.

or after June 4, 2021, with trial to start on or after June 7, 2021. **See** Order, 1/12/21. On June 2, 2021, the court notified Collins that the trial would begin on June 7, 2021, and that jury selection would begin on June 3, 2021. Collins moved, that same day, for a continuance, and attached a letter from her physician, Ronald L. Kotler, M.D. ("Dr. Kotler"). The letter, also dated that day, stated, "Please excuse . . . Collins from court tomorrow . . .. She is ill and under my care. It's recommended that she stay home to recover. If you have any questions, please contact my office." Collins's Motion to Continue, 6/2/21, Ex. A. That same day, the Honorable Denis P. Cohen denied the motion. **See** Order, 6/2/21.

On June 3, 2021, Collins's counsel orally moved for a continuance before the Honorable Jacqueline F. Allen, who indicated she was bound by Judge Cohen's ruling on the same motion. Collins then moved later that same day for reconsideration by Judge Cohen, to whom the motion was assigned, and affixed a second letter from Dr. Kotler, dated June 3, 2021, explaining in more detail Collins's medical restrictions. Dr. Kotler's second letter stated that Collins was "being treated for a severe respiratory medical condition," that she was "at high risk for severe deterioration," and that she should "not leave her house until her medical condition is no longer placing her at risk." Collins's Motion for Reconsideration, 6/3/21, Ex. C. It also asserted that if Collins's condition worsened, she might need hospitalization and two weeks of recovery. **See id**. Judge Cohen did not rule on the motion for reconsideration.

- 2 -

At the June 7, 2021 trial, Collins failed to appear. Judge Allen determined that Judge Cohen's denial of Collins's original continuance motion was binding under the coordinate jurisdiction rule, and that Collins had therefore been required to appear for trial. *See* Order, 6/7/21; Trial Court Opinion, 9/24/21, at 3-4. Consequently, Judge Allen entered a judgment of *non pros* against Collins for failing to appear. *See* Pa.R.Civ.P. 218.

Collins petitioned to open the judgment of *non pros* on June 10, 2021.[2] She asserted that she had timely filed the petition, presented a reasonable or legitimate excuse, and that her cause of action was meritorious. Collins's Pet. to Set Aside, 6/10/21, at ¶ 25. She also attached a third, more detailed, letter from Dr. Kotler that was similar, but not identical, to the one she had appended to her motion for reconsideration. Dr. Kotler's third letter, dated June 7, 2021, contained all the previous information, and added that Collins "should be quarantined for 14 days." *Id*. at Ex. G. PFFCU filed its answer in opposition, in which it argued that the judgment of *non pros* was appropriate. *See* PFFCU's Response, 7/1/21. Judge Allen denied the petition to open the judgment of *non pros* on August 2, 2021. Collins filed a timely appeal, and both she and the trial court complied with Pa.R.A.P. 1925.

---

[2] Collins captioned her motion a "petition to set aside," but correctly cited Rule of Civil Procedure 3051, which sets forth the standard for a petition to open a judgment of *non pros*. *See* Collins's Pet. to Set Aside, 6/10/21, at ¶ 25.

Collins raises the following issues for our review:

1. Did the lower court err in entering a *non pros* on the basis of timeliness of the motion when the matter was called to trial prior to the date listed on the scheduling order, [Collins] developed symptoms just prior to the time of trial [that] included COVID-like symptoms which likely would have prohibited her being present for her trial, she was quarantined to her home and [Collins] presented a letter from her long[-]term treating pulmonologist documenting her condition and the likely time for recovery[?]

2. Did the lower court err in entering a *non pros* on the basis of the coordinate jurisdiction rule where the order in question was not a ruling on a legal question and the application of the coordinate jurisdiction rule created a manifest injustice as it resulted in a *non pros* being entered[?]

Collins's Brief at 5 (unnecessary capitalization omitted, italics added).

An appeal related to a judgment of *non pros* "lies not from the judgment itself, but from the denial of a petition to open or strike." ***See Bartolomeo v. Marshall***, 69 A.3d 610, 613-14 (Pa. Super. 2013) (citation omitted). It is well settled that a petition to open under Pa.R.Civ.P. 3051 is the only means of requesting relief from a judgment of *non pros*. ***Id***. at 613-14.[3] We review a decision to deny a petition to open a judgment of *non pros* for an abuse of discretion, and, as such, "the trial court's decision will be overturned only if

---

[3]Collins's brief correctly observes that her appeal lies not from the judgment of *non pros* but the denial of her petition to open the judgment. ***See***, ***e.g.***, Collins's Brief at 12. Her inartful phrasing of the issue in her statement of questions involved does not impede our ability to review her assertion of error, therefore we decline to find waiver. ***See Phillips v. Selig***, 959 A.2d 420, 428 (Pa. Super. 2008) ("[W]hen failure to comply with our Rules of Appellate Procedure does not impede our ability to review the issues, we will address the merits") (internal citation and quotations omitted); ***cf***. Pa.R.A.P. 2116.

[it] reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Banks v. Cooper***, 171 A.3d 798, 801 (Pa. Super. 2017) (citation omitted).

Where a case is called for trial, the court may enter a nonsuit on motion of the defendant or a *non pros* on the court's own motion if a plaintiff is not ready without a satisfactory excuse. ***See*** Pa.R.Civ.P. 218(a). A party who fails to appear for trial is deemed to be not ready without satisfactory excuse. ***See Banks***, 171 A.3d at 801 (citing Pa.R.Civ.P. 218(c)).

> A petition to open a judgment of *non pros*
>
> is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of *non pros* to be opened, a three-pronged test must be satisfied: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist that support a cause of action.

***Bartolomeo***, 69 A.3d at 613 (citing, *inter alia*, Pa.R.Civ.P. 3051). A trial court, in evaluating a party's explanation or excuse for a failure to appear for trial presented in a petition to open a judgment of *non pros*, should consider:

> 1) whether the failure to appear was inadvertent; 2) whether [the] failure to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact counsel prior to dismissing the [case]; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions.

***Banks***, 171 A.3d at 801 (citation omitted). Further, "the court must ascertain whether there are any equitable considerations that weigh in favor of allowing the party against whom judgment was entered [to have] his/her day in court."

*Id*. at 802 (internal citation omitted). In some cases, the trial court may need to conduct a hearing before ruling on a petition to open a judgment of *non pros*. *Id*.; *see also Faison v. Turner*, 858 A.2d 1244, 1247 (Pa. Super. 2004) (vacating an order denying a petition to open a judgment of *non pros* where the appellant had explained the failure to appear, there was no evidence of prejudice to the defendant, and the trial court failed to consider lesser sanctions). Courts must be mindful that "lawsuits are more than numbers or punches in computer cards. Individual cases are . . . of great importance to the litigants involved, and courts must not overreach in their zeal to move cases . . . [by] allow[ing] for no deviations from strict and literal adherence to [justifiable court] policies." *Banks*, 171 A.3d at 802.

Collins's arguments that the trial court erred in denying her petition to open the judgment of *non pros* are related, therefore we address them together. Collins argues that the court erred in entering a judgment of *non pros* and denying her petition to open the judgment because she presented a reasonable excuse for her failure to appear, and Judge Cohen's order denying her continuance motion did not require Judge Allen to enter the judgment of *non pros* and deny her petition to open the judgment under the coordinate jurisdiction rule. *See* Collins's Brief at 12, 19.

The trial court reasoned that the coordinate jurisdiction rule compelled a judgment of *non pros* against Collins and denied her petition to open the judgment because Judge Cohen denied Collins's original continuance request,

she received no ruling on her reconsideration motion, and she then failed to appear for trial. *See* Trial Court Opinion, 9/29/21, at 3-4.

After careful review, we conclude the trial court abused its discretion since the trial court failed to apply the proper standard when considering Collins's petition to open the judgment of *non pros*. The trial court was required to apply Rule 3051(b) to determine whether the petition to open had been promptly filed, whether Collins had presented a reasonable explanation for her failure to appear, and whether the cause of action was meritorious. *See* Pa.R.Civ.P. 3051(b); *see also Banks*, 171 A.3d at 801; *Faison*, 858 A.2d at 1247.[4] Yet there is no indication in the record that the trial court applied Rule 3051(b), or performed the *Faison*/*Banks* analysis in evaluating Collins's explanation for her failure to appear, when it decided Collins's petition to open the judgment of *non pros*, or that the court considered the additional information provided by Collins in her petition. Accordingly, we vacate the order denying Collins's petition to open the judgment of *non pros* and remand

_____

[4] "When evaluating the explanation or excuse proffered by a party who failed to appear for trial and is seeking to open a judgment of *non pros*, the court should consider: 1) whether the failure to appear was inadvertent; 2) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact counsel prior to dismissing the [case]; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions." *See Banks*, 171 A.3d at 801 (citation omitted).

for the trial court to consider the petition and apply the Pa.R.Civ.P. 3051(b) test and, in so doing, the ***Faison***/***Banks*** factors.[5]

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2022

---

[5] The trial court erroneously relied on the coordinate jurisdiction rule in deciding Collins's petition to open. The coordinate jurisdiction rule states "judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions." ***Legal Access Plans, LLC v. Millinghausen***, 231 A.3d 935, 939 (Pa. Super. 2020) (ellipses, internal citation, and quotation omitted). Upon review of the procedural posture in this matter, the petition before Judge Allen (Petition to Set Aside Judgment of Non-Pros), was not the same as the motion before Judge Cohen (Motion to Continue Trial To [sic] Due to Medical Condition). There was no prior ruling on the petition to open, and thus no prior decision to bind the trial court's Rule 3051 analysis. ***See Ryan v. Berman***, 813 A.2d 792, 794 (Pa. 2002) (providing that "where the motions differ in kind . . . a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion") (citation omitted). The procedural posture of this case had changed from the denial of a continuance request to termination of the litigation in its entirety. The petition before Judge Allen thus addressed a different legal question, one that required the application of a different legal standard, and was supported by additional evidence, given the third letter from Dr. Kotler presented to Judge Allen but not Judge Cohen. ***See Ryan***, 813 A.2d at 795. Furthermore, we observe that Judge Cohen did not rule on Collins's timely filed reconsideration motion, which included a second, and more detailed, letter from Dr. Kotler. There was thus no ruling on the reconsideration motion to bind Judge Allen under the coordinate jurisdiction rule.