**Alethia JAMISON and Joel Jamison, H/W, Appellants,**

·v.

**John L. JOHNSON, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 20, 2000.
Filed Oct. 16, 2000.
Reargument Denied Dec. 21, 2000.

David I. Dubin, Narberth, for appellants.

Thomas W. Harrity, Philadelphia, for appellee.

BEFORE: McEWEN, President Judge, CAVANAUGH, J. and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

¶ 1 Alethia and Joel Jamison (h/w) appeal from an order of the Court of Common Pleas of Philadelphia County granting a nonsuit in favor of Appellee, John Johnson. We affirm.

¶ 2 The Jamisons were involved in a motor vehicle accident with Johnson, which occurred on or about January 22, 1997. The accident caused Mrs. Jamison to suffer injuries, losses, and damages. As a result of the accident, the Jamisons' counsel filed a complaint in this matter on or about January 15, 1999, which included a loss of consortium claim on Mr. Jamison's behalf.

¶ 3 The case was originally scheduled for an arbitration hearing on December 16, 1999, but a continuance was granted. Subsequently, the arbitration was rescheduled for December 30, 1999. Prior to this date, Jamisons' counsel informed Johnson's counsel that he would be seeking another continuance because the Jamisons were on a pre-scheduled trip. The continuance, however, was denied, and Jamisons' counsel was informed that he must go forward with the arbitration.

¶ 4 On December 30, 1999, Jamisons' counsel informed Johnson's counsel that he would not be able to attend the arbitration due to a family illness and that no attorney in his office could cover the arbitration due to prior commitments. Johnson's counsel appeared at the arbitration hearing; neither the Jamisons nor their counsel appeared at the arbitration hearing. After waiting approximately one hour, the arbitration board ordered Johnson's counsel to proceed to the Complex Litigation Center where an available judge would hold a non-jury trial pursuant to Pa.R.C.P. 1303. Johnson's counsel appeared at the non-jury trial that day before the Honorable Marvin R. Halbert. Johnson's counsel motioned for a nonsuit, which was granted by Judge Halbert.

¶ 5 On February 8, 2000, Jamisons' counsel sought a reversal of the nonsuit. The request, however, was denied on March 21, 2000. This appeal followed.

¶ 6 The Jamisons raise the following issues on appeal:

(1) Does a judge have the authority or the [sic] subject matter jurisdiction under the Pennsylvania Rules of Civil Procedure 1303(a)(2) to enter a nonsuit, upon motion of the defendant, for failure of the plaintiff and plaintiff's counsel to attend an arbitration hearing?

(2) Does Pennsylvania Rule of Civil Procedure 218, relating to nonsuits when a plaintiff is not ready to proceed when a case is called for trial, apply to arbitration hearings?

(3) Does plaintiffs' failure to attend an arbitration hearing due to a pre-paid trip out of state [coupled] with plaintiffs' attorney's non-appearance due to a family illness constitute a satisfactory excuse so that the entry of nonsuit is not appropriate?

¶ 7 As to the first the issue, the Jamisons argue that the trial judge does not have the authority to grant a nonsuit for their failure to appear at an arbitration hearing. Pursuant to Pennsylvania Rule of Civil Procedure 1303, the trial court has such power. Rule 1303 states:

(a) (1) The procedure for fixing the date, time and place of hearing before a board of arbitrators shall be prescribed by local rule, provided that not less than thirty days' notice in writing shall be given to the parties and their attorneys of record.

(2) The local rule [1] may provide that the written notice required by subdivision (a)(1) include the following statement:

"This matter will be heard by a board of arbitrators at the time, date and place specified, but if one, or more of the parties is not present at the hearing, the matter may be

---

1. Philadelphia Local Rule of Civil Procedure 1303 does provide the same written notice as that included in Pa.R.C.P. 1303(a)(2). *See* Phil. R. Civ. P. No. 1303(a)(1)

heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge."

(b) **When the board is convened for hearing, if one or more parties is not ready the case shall proceed and the arbitrators shall make an award unless the court**

(1) orders a continuance, or

(2) **hears the matter if the notice of hearing contains the statement required by subdivision (a)(2) and all parties present consent.**

Pa.R.C.P. 1303 (emphasis added).

¶ 8 In this case, the Jamisons argue that the notice of arbitration dated May 22, 1999, listing a hearing for December 16, 1999, did not contain the above required notice statement. The record reveals that the Jamisons are correct; however, the Jamisons failed to observe that the December 2, 1999 notice of arbitration, which listed the arbitration hearing for December 30, 1999, did contain the above required notice statement from Pa.R.C.P. 1303(a)(2). The Jamisons further argue that they never received a notice with the above stated 1303(a)(2) language. Nonetheless, the record does indicate that Johnson did receive a notice that contained the above stated required notice. As counsel is deemed to have constructive knowledge of the Pennsylvania Rules of Civil Procedure, this argument lacks merit.

¶ 9 Moreover, the Jamisons, through their counsel, assert that present practice, under Rule 1303, does not permit nonsuits when a plaintiff fails to appear. This assertion is incorrect and is based on the old Rule 1303, adopted in 1981. Under the recent 1998 amendments to Rule 1303, a

trial court can hear the matter as long as the above-required statement is contained in the notice of arbitration. See Pa.R.C.P. 1303, explanatory comment. Since the December 2, 1999, notice contained the above-quoted language found in part (a). subpart (2) of Rule 1303, there is no merit to this argument.

¶ 10 As stated above, Rule 1303(b) does not grant the arbitration board the authority to make a decision when there is a 1303(a)(2) statement contained in the notice. See Pa.R.C.P. 1303(b). Therefore, under both Pennsylvania Rule of Civil Procedure 1303 and Philadelphia Rules of Civil Procedure 1303, the **trial court** correctly entered a nonsuit where the Jamisons and their attorney failed to appear at the arbitration hearing.[2]

■ ¶ 11 The Jamisons next argue that Pennsylvania Rule of Civil Procedure 218 does not apply to arbitrations. Pennsylvania Rule of Civil Procedure 218 deals with situations where a party is not ready to proceed when a case is called for trial. In pertinent part, Rule 218(a) states: "Where a case is called for trial, if without satisfactory excuse a **plaintiff** is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion." Pa.R.C.P. 218(a) (emphasis added).

¶ 12 In this case, the Jamisons and their counsel failed to appear for a scheduled arbitration hearing, which was to take place on December 30, 1999. Pursuant to Rule 1303, the case was transferred to the trial court for trial on that same day. This action took the case off of the arbitration list and transferred the action to the trial court where Rule 218 applies. Moreover, once the trial court took over the matter on December 30, 1999, a non-jury trial occurred, and the trial court properly exer-

---

**2.** As a side issue, the Jamisons argue that Pennsylvania Rule of Civil Procedure 1304 gives the arbitration panel the power to enter an award in favor the appearing party, but does not give any power to enter a nonsuit. Jamisons' counsel fails to understand that

Rule 1303(a)(3) and (b)(2) give the trial court the authority to enter a nonsuit when a plaintiff fails to appear for an arbitration hearing. Therefore, there is no need to address this issue any further..

cised its discretion in granting Johnson's motion for nonsuit. Therefore, this argument lacks merit.

¶ 13 As to the last issue, the Jamisons argue that their excuse for not being present at trial was sufficient to excuse their failure not to appear. The Jamisons and their counsel each offered an excuse as to why they were not able to appear on December 30, 1999. The Jamisons' reason for their non-appearance was due to a pre-paid trip to Florida. Jamisons' counsel offered the excuses that he was unable to attend because his daughter had an illness and no other member of his firm was able to cover for him. The trial court found these excuses to be unsatisfactory.

¶ 14 "It is well settled that the mere failure to appear for trial is a ground for the entry of a nonsuit." *Bostick v. Schall's Brakes and Repairs, Inc.*, 725 A.2d 1232, 1235 (Pa.Super.1999); Pa. R.C.P. 218(c), note. Moreover, pursuant to Pa.R.C.P. 218(a), "[w]here a case is called for trial, if without satisfactory excuse a **plaintiff** is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion." Pa.R.C.P. 218(a) (emphasis added). In 1993, Rule 218 was amended to add subsection (c), which states: **"A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse."** Pa.R.C.P. 218(c) (emphasis added). Lastly, our inquiry must focus on whether the trial court's decision to grant a nonsuit was a proper exercise of discretion based on all facts of the case. *See Dublin Sportswear v. Charlett*, 485 Pa. 633, 638, 403 A.2d 568, 570 (1979).

¶ 15 In this case, the Jamisons and their counsel failed to appear for an arbitration hearing that was scheduled for December 30, 1999. The arbitration panel had no knowledge as to why Jamisons' counsel failed to appear, so after one hour of waiting for the Jamisons and their counsel, the arbitration panel told Johnson's counsel to proceed to the Complex Litigation Center, where a non-jury trial would ensue. This action was pursuant to the notice of arbitration dated December 2, 1999, which stated that, in essence, the case could be heard by the trial court. Once the matter was transferred, the trial court, upon Johnson's counsel's motion, entered a nonsuit against the Jamisons for failure to appear.

¶ 16 The law is clear that a satisfactory excuse must be an excuse that would constitute a valid ground for a continuance. Goodrich Amram 2d, § 218:3. Examples of valid grounds are an "agreement of counsel; illness of counsel, a party, or a material witness; inability to maintain the testimony of an absent witness by means of discovery; or such other grounds as may be allowed by the court." *Id.* § 218:3.

¶ 17 Here, the Jamisons attributed their failure to attend the arbitration hearing due to a pre-paid trip. Similarly, Jamisons' counsel attributed his failure to attend due to a family illness and was unable to procure another attorney to handle the matter. By finding that these excuses did not fall within the meaning of the definition of "satisfactory excuse," the trial court did not abuse its discretion.[3] *Dublin Sportswear, supra.*

¶ 18 Accordingly, the judgment of nonsuit is affirmed.

¶ 19 Order affirmed.

¶ 20 CAVANAUGH, J. concurs in the result.

---

**3.** Should the court have information that deems counsel's excuse satisfactory, then court will not consider the presumption of Rule 218(c) applicable.