J-A16023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| JAMES RIFFIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES RIFFIN, IN HIS CAPACITY AS | : | No. 1451 MDA 2022 |
| SUCCESSOR TO LARRY M. | : | |
| LAMOTTE'S LEGAL INTERESTS; | : | |
| JAMES RIFFIN, IN HIS CAPACITY AS | : | |
| SUCCESSOR TO HIRAM E. TINDER, | : | |
| JR'S LEGAL INTERESTS; JAMES | : | |
| RIFFIN, IN HIS CAPACITY AS | : | |
| SUCCESSOR TO GOLDFATHER YORK, | : | |
| LLC'S LEGAL INTERESTS; FRANKLIN | : | |
| LAND INVESTMENTS, LLC; AND BUY | : | |
| SELL NOW PA, LP | : | |

Appeal from the Order Entered September 28, 2022
In the Court of Common Pleas of York County Civil Division at No(s):
2018-SU-002479

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 08, 2023**

Appellant, James Riffin, appeals *pro se* from the trial court's September

28, 2022 order, which denied his motion for reconsideration and motion for

leave to file an amended petition to open the trial court's September 12, 2022 order.[1,2]  We affirm.

Given the issues before us, we need not delve into the underlying facts of this matter.  Instead, we focus on this case's rather messy procedural history.  Mr. Riffin brought an action for ejectment against Appellees.[3]  On May 27, 2022, after conducting a pretrial conference on May 26, 2022, which Mr. Riffin attended, the trial court entered an order scheduling a non-jury trial for Monday, September 12, 2022, at 9:00 a.m.  With respect to that order, the docket contains the following notation, dated May 27, 2022: "NOTICE GIVEN RE: PA R. C. P. 236[.]"  ***See*** Docket at 52.  According to the trial court, on September 12, 2022, the day of the scheduled trial, the following occurred:

> Mr. Riffin failed to appear for trial that was scheduled at the pretrial conference on May 26, 2022, by agreement of the parties after review of their calendars, for September 12, 2022.  The [c]ourt waited over a half hour prior to commencing the trial proceeding and then telephoned Mr. Riffin twice at the phone number provided to inquire about his failure to appear for trial.  Mr. Riffin did not answer either call[,] nor did he follow-up with chambers to provide an explanation, leaving the [c]ourt without any knowledge as to why Mr. Riffin failed to appear.  After waiting

---

[1] As discussed *infra*, we construe Mr. Riffin's motion for reconsideration as a post-trial motion.

[2] The caption previously stated that Mr. Riffin appealed from the trial court's October 7, 2022 order denying Mr. Riffin's motion for leave to file a motion for reconsideration of the trial court's September 28, 2022 order.  We have amended the caption accordingly.  ***See J.P. v. J.S.***, 214 A.3d 1284, 1287 (Pa. Super. 2019) ("[A] denial from a motion for reconsideration is not final or otherwise appealable.") (citation omitted).

[3] Buy Sell Now PA, LP ("Buy Sell Now") is the only Appellee to submit an appellate brief.

forty-five minutes, the [c]ourt called the case for trial and then entered [a] nonsuit [pursuant to Pennsylvania Rule of Civil Procedure 218,] against Mr. Riffin for failure to appear upon motion of defense counsel. [The trial court entered a written order granting the non[]suit against Mr. Riffin and dismissing the case with prejudice on September 13, 2022. Regarding this order, on that date, the docket contains the following notation: "NOTICE GIVEN RE: PA R. C. P. 236 MAILED[.]" **See** Docket at 2C.]

Thereafter, Mr. Riffin never contacted chambers to provide any explanation. Instead, one-week later[,] Mr. Riffin filed two documents, styled Riffin's Trial Testimony and Riffin's Trial Legal Argument, neither of which make any mention regarding Mr. Riffin'[s] failure to appear and prosecute his case a week earlier and which late submissions the [c]ourt ordered be stricken as having been improvidently filed without leave of [c]ourt after the trial proceedings were concluded.[4]

Trial Court Opinion ("TCO"), 11/7/22, at 9-10 (internal citation omitted).

After the trial court struck the filings entitled 'Riffin's Trial Testimony' and 'Riffin's Trial Legal Argument,' Mr. Riffin filed a motion for reconsideration along with a brief in support on September 21, 2022.[5] In his brief in support, Mr. Riffin explained, *inter alia*, that he had submitted his motion for reconsideration and accompanying brief in support on September 19, 2022, but that the court's e-filing system rejected both documents on September 20, 2022. **See** Mr. Riffin's Brief in Support of Motion for Reconsideration, 9/21/22, at ¶ 2. He also mentioned — without any further elaboration or

---

[4] Mr. Riffin filed 'Riffin's Trial Testimony' and 'Riffin's Trial Legal Argument' on September 19, 2022. In addition, on September 14, 2022, Mr. Riffin also filed a response to Buy Sell Now's opposition to his previously-filed summary judgment motion.

[5] Specifically, Mr. Riffin entitled this filing as "PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 1[3], 2022 ORDER GRANTING DEFENDANT'S MOTION FOR NON[]SUIT[.]"

supporting documentation — that he did not receive a copy of the September 13, 2022 nonsuit order until September 20, 2022, and that the envelope containing the order was not postmarked until September 16, 2022. *Id.* at ¶ 7. Further, he argued that he had good cause for not appearing at trial on September 12, 2022, as his wife had fallen down the stairs the night before, sustaining significant injuries, and he spent the day of trial dealing with those injuries. *Id.* at ¶¶ 9-10.[6] As a result of his missing trial, he offered to pay Buy Sell Now's legal fees for the time its counsel spent appearing at the September 12, 2022 proceeding. *Id.* at ¶ 12(A)(b).

Thereafter, on September 26, 2022, Mr. Riffin filed the following documents: (1) a motion for leave to file an amended petition to open the September 13, 2022 order; (2) a brief in support of his motion for leave to file an amended petition to open the September 13, 2022 order; (3) an

---

[6] Mr. Riffin filed his motion for reconsideration and brief in support at 5:17 p.m. on September 21, 2022. Forty-five minutes **before** that, at 4:33 p.m., Buy Sell Now filed a response and brief in opposition to Mr. Riffin's motion for reconsideration. Therein, Buy Sell Now stated that Mr. Riffin's "sole reason for failing to appear is that he claimed he wrote down the date wrong because he has trouble hearing." Buy Sell Now's Response and Brief in Opposition, 9/21/22, at 6. Buy Sell Now pointed out that, "despite the fact that [Mr. Riffin] is aware he had trouble hearing the date of the trial, he either completely neglected to read the Order, which contained the date and time in conspicuous bold print on the first page of the Order, or he failed to read it properly." *Id.* In addition, Buy Sell Now observed that Mr. Riffin also "failed to check the docket any time between the pre-trial conference and the trial date." *Id.* It opined that Mr. Riffin's "neglecting to do what any reasonable person would do resulted in hi[s] failing to appear at the time and place set as the date certain for trial." *Id.* Notably, Mr. Riffin's September 21, 2022 filings did not mention that he wrote down the wrong trial date.

amended petition to open the September 13, 2022 order; and (4) a brief in support of the amended petition to open the September 13, 2022 order. In his motion for leave to file an amended petition to open the September 13, 2022 order and brief in support — *i.e.*, the first two filings — Mr. Riffin asserted that he sought to correct the deficiencies in his September 21, 2022 motion for reconsideration. **See** Mr. Riffin's Brief in Support of his Motion for Leave to File an Amended Petition to Open, 9/26/22, at ¶ 4. He claimed that, after researching relevant cases, he realized his September 21, 2022 motion for reconsideration did not comply with applicable law, as it was: (a) mislabeled; (b) did not have any legal citations, nor legal argument; (c) it did not address the criteria for a motion to open; (d) it did not contain an affidavit for matter not in the record; and (e) it was not verified. **Id.** at ¶ 3.

With respect to the amended petition to open and brief in support — *i.e.*, the third and fourth filings — Mr. Riffin alleged therein that he did not receive any phone calls from the trial court on September 12, 2022. **See** Mr. Riffin's Brief in Support of his Amended Petition to Open, 9/26/22, at ¶ 11. He also claimed that the envelope, in which the Prothonotary sent him the trial court's September 13, 2022 order granting the nonsuit, was postmarked September 16, 2022, and placed in his P.O. Box on September 20, 2022. **Id.** at ¶ 12. Consequently, he said he did not receive notice of the order until September 20, 2022, and therefore the deadline for filing his petition to open is September 30, 2022. **Id.** He appended this envelope to his brief in support. **Id.** at E-3. Moreover, he argued that he satisfies the requirements for opening

a judgment under Pa.R.Civ.P. 3051. *Id.* at ¶¶ 17-35; *see* Pa.R.Civ.P. 3051 (pertaining to relief from judgment of non pros).

On September 28, 2022, the trial court entered an order denying Mr. Riffin's September 21, 2022 motion for reconsideration and his September 26, 2022 motion for leave to file an amended petition to open the September 13, 2022 order. In its order, the trial court explained that Mr. Riffin had to file a post-trial motion on or before Friday, September 23, 2022, and failed to do so. *See* Order, 9/28/22, at ¶ 4. Further, the trial court said that — even if it were to construe Mr. Riffin's motion for reconsideration as a post-trial motion — he failed to set forth any grounds for granting post-trial relief. *Id.* at ¶ 10. With respect to Mr. Riffin's motion for leave to file an amended petition to open the September 13, 2022 order, the trial court noted that there was no original petition to open filed by Mr. Riffin, and emphasized that it entered a nonsuit, not a judgment of non pros or by default. *Id.* at ¶¶ 11, 12. It also noted that Mr. Riffin's motion for leave to amend failed to set forth any grounds for granting leave to amend. *Id.* at ¶ 14. On September 28, 2022, regarding this order, the docket contains the following notation: "NOTICE GIVEN RE: Pa. R. C. P. 236[.]" *See* Docket at 2A.

On October 6, 2022, Mr. Riffin filed the following: (1) a motion for leave to file a motion to reconsider the trial court's September 28, 2022 order; (2) a brief in support of his motion for leave; (3) a motion to reconsider the trial court's September 28, 2022 order; and (4) a brief in support of the motion to reconsider the September 28, 2022 order.

- 6 -

On October 7, 2022, the trial court entered an order denying Mr. Riffin's motion for leave to file a motion for reconsideration of the trial court's September 28, 2022 order. On October 7, 2022, with respect to this order, the docket includes the following notation: "NOTICE GIVEN RE: PA. R. C. P. 236[.]" Docket at 2.

On October 11, 2022, Mr. Riffin filed an addendum to his brief in support of his motion to reconsider the trial court's September 28, 2022 order. Two days later, on October 13, 2022, he filed a notice of appeal. The trial court issued an order on October 14, 2022, directing Mr. Riffin to file a Pa.R.A.P. 1925(b) concise statement of errors. On October 17, 2022, Mr. Riffin filed a motion to reconsider the trial court's October 7, 2022 order, along with a brief in support. On October 19, 2022, the trial court denied this motion. The trial court docket indicates that notice of that order was given. *See* Docket at 6 ("NOTICE GIVEN RE: PA R. C. P. 236[.]"). On October 25, 2022, Mr. Riffin

filed his Rule 1925(b) concise statement, along with an amended notice of appeal.[7, 8]

Mr. Riffin raises the following questions for our review, which we produce *verbatim*:

### RULE 1925 QUESTIONS PRESENTED FOR APPEAL

10. **Primary Question**: Should the Superior Court remand this proceeding back to the Trial Court, with instructions to: (A) Schedule a trial date? (B) Adopt a mailing system for Rule 236 Notices whereby such Notices are postmarked the same day that the Notices are certified as having been mailed? Suggested Answers to both: Yes and Yes.

Issue raised: 9-26-22 Petition to Open, ¶59, **R-89a**; 10-11-22 Addendum to Motion to Reconsider, **R-207a**. 10-17-22 Motion to Reconsider 10-7-22 Order, **R-224a**.

### DETAILED SPECIFIC QUESTIONS

---

[7] After Mr. Riffin and Buy Sell Now filed their appellate briefs and reproduced records with this Court, Mr. Riffin filed an application to strike certain documents in Buy Sell Now's reproduced record, which Mr. Riffin claims are not included in the certified record, along with argument pertaining to these documents in Buy Sell Now's brief. Specifically, these documents include: (1) Mr. Riffin's September 19, 2022 motion for reconsideration of the trial court's September 12, 2022 order, which was never filed, as it had allegedly been rejected by the court's e-filing system; (2) a September 19, 2022 email sent by Mr. Riffin to Buy Sell Now's counsel; and (3) a September 23, 2022 email sent by Mr. Riffin to Buy Sell Now's counsel. Our review of the certified record confirms Mr. Riffin's assertion that these documents are not included therein. Accordingly, we grant his application to strike these documents and arguments relating to them. ***See Roth Cash Register Co., Inc. v. Micro Systems, Inc.***, 868 A.2d 1222, 1223 (Pa. Super. 2005) ("[T]his Court will only consider documents which are part of the certified record. Accordingly, we will not consider any document contained in the reproduced record which is not in the certified record.") (citation omitted).

[8] This Court denied Mr. Riffin's application to amend the notice of appeal by *per curiam* order on December 5, 2022.

11. Do the Rule 236 Notices associated with the Trial Court's May 26, September 12, 19, 27, and October 7, 18, 2022, Orders, comply with Rule 236, since the postmarks on the envelopes containing those Notices, were dated multiple days after the "Mailed on Date" stamped on the Rule 236 Notices?

Trial Court Answer ("**TCA**"): Postmarks are *de hors* the record and may not be considered. **Rule 1925 Opinion, ("Opinion"). p. 3, 2d ¶ of ¶A, R-229a**. Suggested Answer ("**SA**"): No. **Issue raised**: 9-26-22 Petition to Open, ¶ 12, **R-76a**; 10-6-22 Brief ISO Motion Reconsider, ¶¶68-77, **R-191a**.

B. Are the Trial Court's May 26, September 12, 19, 27, and October 7, 18, 2022, Orders, Effective, since the postmarks on the envelopes containing those Orders, were dated multiple days after the "Mailed on Date" stamped on the Rule 236 Notices?

TCA: Postmarks are *de hors* the record and may not be considered. **Opinion, p. 3, 2d ¶ of ¶ A, R-229a**. SA: No.

Issue raised: 10-6-22 Brief ISO Motion Reconsider, ¶¶68-77, **R-191a**.

C. If the Rule 236 Notices noted above, are defective, and thus, the associated Orders are ineffective, should the Superior Court address the questions that are presented below?

TCA: Orders not defective. **Opinion, p.5, ¶ C, R-231a**. SA: Yes. Court should consider in interest of judicial economy. See *Vertical Resources v.Bramlett*, 837 A. 2d 1193, 1199, (Pa. Super. 2003), ¶80 below.

D. Was Riffin's September 21, 2022 filed [miscaptioned] Motion for Reconsideration of the Trial Court's September 12, 2022 Order granting Defendant Buy Sell Now Pa LLC's ["**Defendant**"], motion for non suit: (A) In substance, a "motion for post-trial relief? TCA: No. **Opinion ¶ D (A), R-231a**. SA: Yes. And if **yes, (B) Was it timely filed? TCA: Timely filed. 9-27-2022 Order, ¶ (4), and 1st ¶ of Order, R-24,22a**. SA: Yes. If yes, (C) Was it fatally defective?; TCA: Yes. **9-27-2022 Order, ¶¶ (6), (7), (10), R-24,25a**. SA: No. And if not, (D) Was it error to deny Riffin's September 26, 2022 filed Motion for Leave to Amend Riffin's 9-21-2022 filed Motion for Reconsideration? TCA: No. **Opinion, ¶ D (D), R-231a**. SA: Yes.

Issues raised: 9-26-22 Mot Leave file Petition to Open, ¶¶1-6, **R-66a**; 10-6-22 Brief ISO Motion Leave file Motion Reconsider, ¶¶4-27, **R-160a**.  10-6-22 Brief ISO Motion Reconsider, ¶¶4-123, **R-177a**.

E. Was Riffin's September 26, 2022 filed Amended Petition to Open: (A) A permissible pleading to open a judgment of nonsuit? TCA: No.  **Opinion, ¶E, (A), R-232a.**  SA: Yes.  If yes, (B) Was it timely filed?  TCA: Irrelevant.  **Opinion, ¶ E (B), R-232a.**  SA: Yes.  If yes, (C) Was it fatally defective?  TCA: Yes.  **Opinion, ¶ E (C), R-232a.**.  SA: No.  And if not, (D) Was it error to deny Riffin's October 6, 2022 filed Motion for Leave to File Riffin's October 6, 2022 filed Motion for Reconsideration of the Trial Court's September 26, 2022 Order?  TCA: No.  **Opinion, ¶ E (D), R-233a**.  SA: Yes.  And if yes, (E) Was Riffin's 10-6-22 Motion for Reconsideration (a) Timely filed?  TCA: Yes.  **Opinion, ¶ E (E) (a), R-233a**.  SA: Yes.  And if yes, (b) Was it fatally defective? TCA: Yes.  **Opinion, ¶ E (E) (b), R-233a**.  SA: No.  And, if not, (c) Was it error for the Trial Court NOT to consider Riffin's 10-6-2022 filed Motion for Reconsideration of the Court's 9-27-2022 Order?  TCA: No.  **Opinion, ¶ E (E) (c), R-233a**.  SA: Yes.

Issues raised: 9-26-22 Mot Leave file Petition to Open, ¶¶1-6, **R-66a**; 10-6-22 Brief ISO Motion Leave file Motion Reconsider, ¶¶4-27, **R-160a**; 10-6-22 Brief ISO Motion Reconsider, ¶¶4-123, **R-177a**.

F. Questions included in the above-noted questions:

a. May a Rule 3051 Petition to Open be filed to open a non suit?  TCA: No.  **Opinion, ¶ F a**.  SA: Yes.

Issue raised: 9-26-22 Petition to Open, ¶16, 17, **R-77a**;

b. Does the 'clock' for filing a Motion for Post-trial relief begin running when the Rule 236 Notice is **received?**  (As opposed to when it is docketed / certified as being mailed / actually mailed.)  TCA: When docketed.  **Opinion, ¶ F b, R-234a**.  SA: When received.

Issue raised: 9-26-22 Petition to open, ¶22; **R-78a;** ¶80, **R-194a**.

c. Was Riffin's Rule 3051 Petition to Open 'promptly filed?' TCA: Not relevant.  **Opinion, ¶ F c, R-234a**.  SA: Yes.

Issue raised: 9-26-22 Petition to open, ¶22, **R-78a;** ¶83, **R-195a.**

G. Questions on the **Merits:**

a. Did Riffin's Amended Petition to open satisfy all 3 'prongs' of a Rule 3051 Petition to Open?  TCA: Irrelevant.  **Opinion, ¶ G a, R-234a**.  SA: Yes.  Issue raised: 9-26-22 Petition to Open, ¶¶23-42, **R-79a**; 10-6-22 Motion Leave File Motion Reconsider; ¶¶ 12-17, **R-161a**.

b. Was it error for the Trial Court Not to consider all 3 'prongs' of a Rule 3051 Petition to Open?  TCA: Irrelevant. **Opinion, ¶ G b, R-234a**.  SA: Yes.

Issue raised: 9-26-22 Petition to Open, ¶¶43-59, **R-86a**.

c. Was it error for the Trial Court (i) NOT to consider sanctions less than non suit, for Riffin's Rule 216 violation?  TCA: No.  **Opinion, ¶ G c, R-235a**.  SA: Yes.  (ii) NOT to balance the prejudice to Riffin for non suit against: (1) The Defendant's prejudice?  (2) The inconvenience caused the Court by the Rule 216 violation?  TCA: No.  **Opinion, ¶ G c, R-235a**.  SA: Yes.

Issue raised: 9-26-22 Petition to Open, ¶¶43-59, **R-86a**.

Mr. Riffin's Brief at 11-15.

Before delving into the merits of Mr. Riffin's appeal, we address whether Mr. Riffin has followed proper procedure in challenging the entry of the nonsuit.  Here, the trial court entered a nonsuit against Mr. Riffin pursuant to Pennsylvania Rule of Civil Procedure 218, which states, in relevant part, the following:

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

\*\*\*

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

- 11 -

> *Note*: The mere failure to appear for trial is a ground for the entry of a nonsuit or a judgment of non pros or the reinstatement of a compulsory arbitration award.
>
> A nonsuit is subject to the filing of a motion under Rule 227.1(a)(3) for post-trial relief to remove the nonsuit and a judgment of non pros is subject to the filing of a petition under Rule 3051 for relief from a judgment of non pros.
>
> A decision of the court following a trial at which the defendant failed to appear is subject to the filing of a motion for post-trial relief which may include a request for a new trial on the ground of a satisfactory excuse for the defendant's failure to appear.

Pa.R.Civ.P. 218(a), (c). **See also** Pa.R.Civ.P. 227.1(a)(3) ("After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may … remove a nonsuit[.]").

Rules 218 and 227.1(a)(3) both suggest that a post-trial motion must be filed to remove the nonsuit.[9] Here, Mr. Riffin did not label his September

---

[9] **Accord Jenkins v. Robertson**, 277 A.3d 1196 (Pa. Super. 2022) (determining that the appellant had ten days to file a post-trial motion after he was provided notice of the nonsuit entered pursuant to Rule 218); **B.T. Management, LLC v. 7065-A William Penn Highway, LLC**, 2022 WL 34847, at *1 (Pa. Super. filed Jan. 4, 2022) ("Under Rule 227.1(a)(3), B.T. had ten days … in which to seek such post-trial relief. In fact, B.T. had to seek post-trial relief to preserve its issues for appellate review and to develop a record to prove whether Dr. Thaler's[ (B.T.'s lead principal)] absence on the day of trial was justified.") (citations omitted); **Third Federal Savings and Loan Association of Cleveland v. Carrington**, 2019 WL 4200950, at *1 (Pa. Super. filed Sept. 5, 2019) ("Because Rules 218 and 230.1(a) both specifically direct the reader to file a post-trial motion to obtain relief from the entry of a nonsuit, we must reject Third Federal's position that no post-trial motion was required herein."); **but see Murphy v. International Druidic Society**, 152 A.3d 286, 290 (Pa. Super. 2016) ("Pennsylvania law also makes clear that the entry of a compulsory nonsuit **before trial has even begun** is the functional equivalent of a pretrial dispositive order such as one granting summary judgment or judgment on the pleadings. Where a trial court
*(Footnote Continued Next Page)*

21, 2022 motion as a post-trial motion, but instead captioned it as a motion for reconsideration. Under the limited circumstances of this case, we will overlook this titling error and construe the September 21, 2022 filing as a timely-filed post-trial motion.[10]

In addressing Mr. Riffin's appeal, we limit our review to the issues he raised in the September 21, 2022 motion and brief in support. We do not consider his subsequent filings in our analysis. Specifically, with respect to his September 26, 2022 motion asking for leave to file an amended petition to open the trial court's September 13, 2022 order, Mr. Riffin proffered no legal authority or developed argument to support allowing him to file an amended petition to open. *See* Order, 9/28/22, at ¶ 14 (trial court's stating that Mr. Riffin's "motion for leave to amend is woefully inadequate in that it

_____

mistakenly enters a nonsuit as a pre-trial dispositive order, that order should be considered an order granting summary judgment or a judgment on the pleadings, and the party challenging entry of that order does not have to file a post-trial motion to remove the nonsuit before filing an appeal.") (citations omitted; emphasis in original); ***Bostick v. Schall's Brakes and Repairs, Inc.***, 725 A.2d 1232, 1236 (Pa. Super. 1999) ("[W]e do not deem it either necessary or proper to require [the a]ppellants to file a post-trial motion to remove the nonsuit for failure to appear for trial when, in fact, no trial had ever commenced.") (citation and footnote omitted). ***See also*** Pa.R.A.P. 126(b) (unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[10] We note that Mr. Riffin timely filed his notice of appeal, as he filed it within 30 days of the trial court's September 28, 2022 order refusing to grant him relief on the nonsuit. ***See Third Federal Savings and Loan Association of Cleveland***, 2019 WL 4200950, at *1 ("Historically, Pennsylvania law has held that the entry of compulsory nonsuit is not the ruling that is immediately appealable, rather, the appeal lies from the trial court's denial of the motion to remove the compulsory nonsuit.") (quoting ***Murphy***, 152 A.3d at 289-90).

fails to set forth any grounds for granting leave to amend…."); Mr. Riffin's Brief in Support of his Motion for Leave to File an Amended Petition to Open, 9/26/22, at ¶ 3 (asking for leave to amend because, after researching relevant cases, he realized his September 21, 2022 motion did not comply with applicable law).[11]  Thus, the trial court did not err in denying him leave to amend, and we disregard his September 26, 2022 filings.[12]  With respect to his various requests for reconsideration, filed after the trial court's September 28, 2022 order denying him relief, it is well-established that "issues raised in motions for reconsideration are beyond the jurisdiction of this Court and thus may not be considered by this Court on appeal."  **Rabatin v. Allied Glove Corp.**, 24 A.3d 388, 391 (Pa. Super. 2011) (citations omitted).

With that limitation in mind, we proceed to Mr. Riffin's issues.  Generally, Mr. Riffin argues that the Rule 236 notice should have to reflect the date of the postmark on the envelope in which the order was mailed, and says that the trial court should have scheduled a new trial.  We address both of these claims in turn.

We first examine Mr. Riffin's Rule 236 argument.  He contends that various envelopes containing the orders sent to him were postmarked days

---

[11] Further, to the extent he argues that the envelope containing the trial court's September 13, 2022 order was not postmarked to him until September 16, 2022, in contravention of the Rule 236 notice on the docket, we note that Mr. Riffin did not request more time to file his post-trial motion in his September 21, 2022 filings, as a result of this delay.

[12] Even if we were to consider Mr. Riffin's September 26, 2022 filings, no relief would be due for the rationale set forth *infra*.  **See** footnote 19, **infra**.

- 14 -

after the Prothonotary certified that they were mailed under Rule 236. **See** Mr. Riffin's Brief at 16-20, 33-47.[13] For instance, he complains about the trial court's May 27, 2022 order scheduling the trial. For that order, the trial court indicated on the docket that Rule 236 notice was given on May 27, 2022, yet the envelope Mr. Riffin received containing the order was not postmarked until June 1, 2022. **See** Mr. Riffin's Brief at 16.[14] Another example Mr. Riffin points to is the September 13, 2022 order entering the nonsuit. The docket reflects that Rule 236 notice was given that same day. However, according to Mr. Riffin, the envelope containing that order was not postmarked until September 16, 2022, and not received by Mr. Riffin until September 20, 2022. **Id.** at 17.[15] As a result, Mr. Riffin claims that all of the orders he points to are "defective[,]" and that "this proceeding's 'clock' must be reset back to 5-2[7]-2022[.]" **Id.** at 27. **See also id.** ("If the 5-2[7]-2022 Order is

---

[13] We note that Mr. Riffin says he received two copies of each order — one for himself, and one in his capacity of representing the legal interests of Larry M. Lamotte, Hiram E. Tinder, Jr., and Goldfather York, LLC. **See** Mr. Riffin's Brief at 16. For ease, we refer to the copies sent in the singular.

[14] We emphasize that Mr. Riffin does not claim that he did not receive that order.

[15] Mr. Riffin also argues that the record does not show that the September 13, 2022 order entering the nonsuit was sent to Buy Sell Now. **See** Mr. Riffin's Brief at 46. However, Buy Sell Now's counsel was present at the September 12, 2022 trial when the trial court entered the nonsuit order on the record. **See** N.T., 9/12/22, at 5-6 (the trial court's ordering the entry of nonsuit). Thus, we see no prejudice.

defective/ineffective, then a trial date was never legally set. And thus [Mr.] Riffin had no legal obligation to appear on 9-12-2022.").

While this mail delay is troubling, no relief is due on this issue. Based on our review of the record, Mr. Riffin did not mention this issue at all in his September 21, 2022 motion, proffered no legal argument about it in his accompanying brief in support, and failed to attach to either filing any envelopes showing the postmark dates. *See* Mr. Riffin's Brief in Support of Motion for Reconsideration, 9/21/22, at ¶ 7 (Mr. Riffin's stating only that "[t]he Prothonotary mailed a copy of the non[]suit order to [Mr. Riffin] on Friday, September 16, 2022. (The envelope in which the Non[]suit order was contained[] is postmarked September 16, 2022.) The Prothonotary's envelope was placed into [Mr. Riffin's] post office box on Tuesday, September 20, 2022."); *see also* Pa.R.Civ.P. 227.1(b)(2) (stating that post-trial relief may not be granted unless the grounds therefor are specified in the motion). In addition, we emphasize that, in his September 21, 2022 filings, Mr. Riffin did not request more time to file his post-trial motion as a result of any mail

delay.  **See** footnote 11, **supra**.  Thus, the trial court did not err in denying Mr. Riffin relief on this basis.[16, 17]

Next, regarding Mr. Riffin's argument that a new trial should be scheduled, we likewise conclude that no relief is due.  In his September 21, 2022 filings, Mr. Riffin set forth **no** legal authority to support removing the nonsuit.  Instead, he only asserted that he had good cause for missing trial, as his wife had fallen down the stairs the night before trial, significantly injuring herself, and that he spent September 12, 2022, dealing with the consequences of those injuries.  **See** Mr. Riffin's Brief in Support of Motion for Reconsideration, 9/21/22, at ¶¶ 9-10.

In reviewing Mr. Riffin's claim, "our inquiry must focus on whether the trial court's decision to grant a nonsuit was a proper exercise of discretion based on all facts of the case."  **Jamison v. Johnson**, 762 A.2d 1094, 1097 (Pa. Super. 2000) (citation omitted).  Again, Rule 218(a) states that, "[w]here a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on

_____

[16] Further, even if we considered Mr. Riffin's September 26, 2022 filings — which were filed within 10 days of when the trial court's September 13, 2022 order was purportedly mailed to him — no relief would still be due for the reasons set forth *infra*.  **See** footnote 19, **infra**.  We also note that he only complained about the mail delay for the trial court's September 13, 2022 order (and not the mail delay for any other orders) in his September 26, 2022 filings.  **See** Mr. Riffin's Brief in Support of Amended Petition to Open, 9/26/22; **see also** Pa.R.Civ.P. 227.1(b)(2), **supra**.

[17] To the extent Mr. Riffin complains about the Rule 236 notices for the orders entered on September 28, October 7, and October 19 of 2022, he fails to explain how any of the alleged deficiencies prejudiced him.

the court's own motion." Pa.R.Civ.P. 218(a). Further, "[a] party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." Pa.R.Civ.P. 218(c). This Court has explained that "[a] 'satisfactory excuse' must be an excuse that would constitute a valid ground for a continuance." **Breza v. Don Farr Moving & Storage Co.**, 828 A.2d 1131, 1134 (Pa. Super. 2003) (citations omitted). "Examples of such valid grounds include 'agreement of counsel; illness of counsel, a party, or a material witness; inability to maintain the testimony of an absent witness by means of discovery; or such other grounds as may be allowed by the court.'" **Id.** at 1135 (citation omitted). "Should the court have information that deems counsel's excuse satisfactory, then court will not consider the presumption of Rule 218(c) applicable." **Jamison**, 762 A.2d at 1097 n.3.

We discern no abuse of discretion by the trial court. **See** TCO at 9-10. While it is extremely unfortunate that Mr. Riffin's wife fell down the stairs, injuring herself, Mr. Riffin failed to contact the trial court or opposing counsel on September 12, 2022, to explain why he could not attend the scheduled trial. In his September 21, 2022 filings, he provided no reasoning as to why he did not contact the trial court or opposing counsel that day to inform them of his situation. In the days after he missed the trial, Mr. Riffin continued filing documents without acknowledging, let alone proffering any explanation

for why, he missed trial.[18]  Given Mr. Riffin's actions on the day of trial and in the days following trial, we discern no abuse of discretion by the trial court in denying his post-trial motion to remove the nonsuit.[19]

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/08/2023

---

[18] Again, Mr. Riffin filed a response to Buy Sell Now's opposition to his summary judgment motion on September 14, 2022.  On September 19, 2022, Mr. Riffin filed 'Riffin's Trial Legal Argument' and 'Riffin's Trial Testimony.'  He never acknowledged or explained his absence in those filings.

[19] Even if we considered Mr. Riffin's September 26, 2022 filings in our analysis, no relief would be due.  There, he still did not explain why he did not try to contact the trial court or opposing counsel at **anytime** on September 12, 2022, or in the days following.  **See** Brief in Support of Amended Petition to Open, 9/26/22, at ¶¶ 29-32 (arguing only that he could not have contacted the trial court before the nonsuit was entered at 9:48 a.m. on September 12, 2022, due to his lack of Internet service and his not knowing the Prothonotary or court's phone numbers); **see also id.** at ¶ 34 (arguing he received no missed calls from the trial court).  He also did not explain why he continued to file documents in the days following the trial, without acknowledging or explaining his absence from the trial.