J-A29041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JALMAR LYNCH, JUNIOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEXI'S AUTO SALES & SERVICE | : | |
| | : | |
| Appellant | : | No. 1468 WDA 2023 |

Appeal from the Judgment Entered May 20, 2024
In the Court of Common Pleas of Allegheny County
Civil Division at AR-22-001443

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: March 20, 2025**

Lexi's Auto Sales & Service (Appellant) appeals from the judgment entered after the trial court struck Appellant's appeal from an arbitration award and reinstated the $4,600 award in favor of Appellee, Jalmar Lynch, Junior (Lynch).  We affirm.

On May 19, 2022, Lynch filed a *pro se* complaint in arbitration.  Lynch averred that he had purchased a vehicle and "car protection plan" from Appellant.  Complaint, 5/19/22, at 2.  Lynch claimed Appellant failed to honor the protection plan, and he sought to recover costs he incurred to have the vehicle "repaired after purchasing." ***Id.***[1]

---

[1] Lynch stated that when he attempted to use the protection plan, he "was told they didn't know who [he was]." ***Id.***  When Lynch sought assistance in person, Appellant's representative told him "nobody c[ould] assist" him, and "proceeded to get angry and ask [Lynch] if [he] wanted to fight." ***Id.***

*PROCEDURAL HISTORY*

On October 7, 2022, the Board of Arbitrators held a hearing and entered the award in favor of Lynch. Appellant filed a *pro se* appeal on October 17, 2022. *See* 42 Pa.C.S. § 7631(d) (stating a party to arbitration "shall have the right to appeal for trial *de novo* in the court"). On March 31, 2023, the trial court issued an order scheduling a *de novo* hearing for July 19, 2023.

The trial court explained:

On April 4, 2023, the Department of Court Records mailed copies of the scheduling [o]rder to all parties pursuant to Pa.R.C[iv].P. 236 (hereinafter Rule 236). On July 19, 2023, th[e] court advised the parties that the trial would be continued for Appellant to get legal counsel because pursuant to the local rules of Allegheny County Civil and Family Court[,] corporations must be represented by counsel. Th[e] court further advised both parties they would receive another scheduling order with a new trial date.

On August 3, 2023, th[e] court issued an order scheduling the trial on October 10, 2023. On August 11, 2023, the Department of Court Records mailed copies to all parties … pursuant to Rule 236. On October 10, 2023, the non-jury trial was held at 1:00 p.m.; only [Lynch] was present and ready to proceed. Neither Appellant nor counsel appeared. At 1:27 p.m., Appellant still had not appeared and had not contacted the court in any manner to explain the[] absence. The court proceeded to trial. [Lynch] summarized the facts of the[] case. On November 13, 2023, the court entered a non-jury verdict, striking [] Appellant's [a]ppeal from the October 7, 202[2] [a]rbitration [a]ward and reinstating the $4,600 award for [Lynch]. On November 14, 2023, the Department of Court Records mailed notices of the non-jury verdict to the parties pursuant to Rule 236.

… Appellant [timely] filed a post-trial [m]otion and [m]otion for [p]ost-[t]rial [r]elief. The motions are identical. However, the court has no record that [] Appellant served, notified, or presented to the court said motions.

Trial Court Opinion (TCO), 2/28/24, at 3-4.

The trial court did not rule on Appellant's post-trial motions. On December 13, 2023, Appellant filed a notice of appeal. The trial court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b), although it issued an opinion. The court recommended the appeal "be dismissed as judgment had not been entered." TCO at 4. In the alternative, the court explained it "did not err in proceeding to trial where [Appellant] was not ready when the case was called for trial." *Id.* at 5.

On April 18, 2024, this Court issued an order directing Appellant to *praecipe* the trial court Prothonotary to enter judgment. **See** Pa.R.Civ.P. 227.4(1)(b) (providing for entry of final judgment if a trial court does not dispose of post-trial motions within 120 days). On June 7, 2024, Appellant filed a response showing that judgment was entered on May 20, 2024. **See** Pa.R.A.P. 905(a)(5) (stating that an appeal "filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). Accordingly, we consider Appellant's argument.

Appellant presents the following question:

Did the [t]rial [c]ourt abuse its discretion and commit an error of law by failing to grant Appellant's motion for post-trial relief[,] which included a request for a new trial on the ground of a satisfactory excuse for [Appellant's] failure to appear[,] which excuse included that a "hearing" was scheduled, and not a trial, so that Appellant never received notice of a trial and no trial date was listed on the docket?

Appellant's Brief at 4.

- 3 -

*DISCUSSION*

Appellant claims it: (1) "did not receive the [scheduling o]rder in the mail," and (2) "was never made aware that a 'trial' was being held on October [10], 2023." ***Id.*** at 7. Appellant properly cites Pa.R.Civ.P. 218, which applies "where a party is not ready when a case is called for trial." ***Id.*** at 8. According to Appellant:

> The docket … is clear that this case was never called for trial. … A party can avoid the consequences of Rule 218 if it has a satisfactory excuse. In the case at bar, Appellant never received a notice that the case was being called to trial and no trial date appears on the docket.

***Id.***

Appellant acknowledges that Rule 218 "also applies, through case law, to conciliatory or pretrial conferences." ***Id.*** at 9 (citations omitted). Appellant further recognizes the trial court's discretion to proceed in a party's absence. ***Id.*** However, Appellant asserts that the court "may not enforce the Rule[] so rigidly that injustice will be produced." ***Id.*** Appellant contends Lynch "would not be prejudiced by the delay." ***Id.*** at 11. Finally, Appellant suggests the trial court should have "attempted to make contact with Appellant prior to dismissing the appeal," and "consider[ed] lesser sanctions." ***Id.***[2]

In reviewing Appellant's argument, we "must focus on whether the trial court's decision … was a proper exercise of discretion based on all facts of the case." ***Jamison v. Johnson***, 762 A.2d 1094, 1097 (Pa. Super. 2000)

---

[2] Lynch has not filed a brief.

- 4 -

(citation omitted). "It is well settled that the mere failure to appear for trial is a ground for the entry of a nonsuit." *Id.* (citations omitted).

Pertinently, Rule 218 provides:

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

(b) If without satisfactory excuse a defendant is not ready, the plaintiff may

(1) proceed to trial, or,

(2) **if the case called for trial is an appeal from compulsory arbitration, [the plaintiff may] either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.**

...

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

Pa.R.Civ.P. 218 (emphasis added).

Rule 218(b)(2) is addressed in Explanatory Comment-1990:

The situation occurs where the defendant appeals an award in compulsory arbitration in favor of the plaintiff but does not appear for the trial *de novo*. A burden is placed upon both the plaintiff and the court system to retry the case despite the disinterest of the defendant. Further, the necessity to retry the case is far different from the penalty in the converse situation in which the plaintiff files the appeal and then fails to appear. ... The amendment to Rule 218 solves the problem by giving the plaintiff the option of trying the case a second time or having the appeal dismissed and the arbitration award reinstated.

***Id.***, cmt.[3]

The record contradicts Appellant's first claim that it did not receive a copy of the scheduling order. The body of the order states:

> 1. A hearing to address [Appellant's] Appeal From Award of Board of Arbitrators shall be held before the undersigned on the 10th day of October 2023 at 1:00 P.M. in Room 704 City-County Building, 414 Grant Street, Pittsburgh, PA 15219.
>
> 2. [Appellant] shall be represented by Counsel.

Order, 8/10/23.

The record shows the same address for Appellant throughout the proceedings. Moreover, the docket indicates "the Department of Court Records sent copies of the scheduling order to all parties pursuant to Rule 236." TCO at 7-8 (citing Allegheny County Department of Court Records Docket Entry No. 8); ***id.*** at 6 (stating that when a defendant "receives proper notice and nonetheless fails to appear or provide a satisfactory excuse … the trial may proceed properly in the defendant's absence") (citing ***Melvin v. Melvin***, 580 A.2d 811, 818 (Pa. Super. 1990)).

Appellant's second claim also lacks merit, as it is based solely on semantics. Appellant states that the trial court scheduled "a 'hearing' for October 10, 2023," but "[i]nstead of a hearing, the [t]rial [c]ourt apparently held a non-jury trial." Appellant's Brief at 7. Appellant contends it "was never

---

[3] Explanatory comments are nonbinding, but "they serve as guidelines for understanding the rule … and this Court has previously found the explanatory comments accompanying rules of civil procedure to be both persuasive and instructive." ***Hoopes v. Hadley***, 315 A.3d 844, 850 n.4 (Pa. Super. 2024).

made aware that a 'trial' was being held." ***Id.*** Appellant attempts to distinguish the terms "hearing" and "trial," but does not cite any legal authority or otherwise explain the distinction. ***Id.*** at 7-8.

In this case, there is no distinction. This Court has indicated that a hearing *de novo* and trial are interchangeable. We stated:

> **Black's Law Dictionary defines a hearing *de novo* as "a new hearing or a hearing for the second time, *contemplating an entire trial* in [the] same manner in which [the] matter was originally heard….** [The] hearing '*de novo*' court hears [the] matter as [a] court of original and not appellate jurisdiction." *Black's Law Dictionary* 649 (5th ed.1979). Our case law accords with this definition.

***Capuano v. Capuano***, 823 A.2d 995, 1002 (Pa. Super. 2003) (quoting ***Asin v. Asin***, 690 A.2d 1229, 1232 (Pa. Super. 1997) (emphasis added, some citations omitted). Further, we have referred to the "tyranny of semantics" and observed that an argument based on semantics makes "a distinction without a difference." ***Commonwealth v. Price***, 189 A.3d 423, 429-30 (Pa. Super. 2018) (citations omitted); ***see also In re Marsh***, 175 A.3d 993, 999 (Pa. Super. 2017) (concluding trial court did not err in using the term "good cause" rather than "reasonable cause," as the reference "was more a matter of semantics than substance").

Regardless of whether Appellant was notified of a hearing or trial, the critical and undisputed facts are that Appellant requested the proceeding before the trial court, knew the matter was continued for Appellant to obtain counsel, and was informed by the trial court that it would be issuing another

scheduling order. **See** TCO at 3. The trial court noted that even if Appellant had properly presented its post-trial motions, it would have denied them. **Id.** at 7. The court emphasized that "Appellant did not provide a satisfactory excuse for nonappearance at, or prior to, the time set for trial," and "rules, 'made for the orderly administration of justice[,] should not be lightly ignored.'" **Id.** at 8 (quoting **Wood v. Garrett**, 46 A.2d 321, 323 (Pa. 1946)).

For the above reasons, the trial court did not abuse its discretion by proceeding in Appellant's absence, striking Appellant's appeal, and reinstating the arbitration award in favor of Lynch.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

3/20/2025

- 8 -